**UNITED STATES v. HOLMES.**

**Cr. No. 5332.**

United States District Court
S. D. Texas, Corpus Christi Division.

Jan. 19, 1953.

Brian S. Odem, U. S. Atty., and Wm. R. Eckhardt, III, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Norman L. Utter, Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

Defendant was convicted by a jury, on November 18, 1952, of violating 18 U.S. C.A. § 873. On December 23, 1952, his court appointed counsel filed a motion in arrest of judgment, re-urging a motion to dismiss the indictment for failure to state an offense. The motion to dismiss had been filed on November 17th, before selection of the jury. It was overruled by the court with considerable misgivings and counsel were apprised in open court that the court would give it further consideration in the event of a guilty verdict.

Government counsel urges that the motion in arrest of judgment cannot be considered because not filed within 5 days "after determination of guilt" as provided in Rule 34, Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] However, Rule 12 (b)(2) provides that "Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding." The proceeding still is pending—sentence has not even been pronounced.

The indictment charges that defendant:

"* * * under a threat of informing and as a consideration for not informing against one Albert J. Pavia *in connection with a certain obscene letter purportedly sent* by the said Albert J. Pavia to Laura Holmes, did unlawfully, knowingly and feloniously demand and receive from the said Albert J. Pavia a sum of money, to-wit: the sum of One Thousand Five Hundred Dollars ($1,500.00). (Violation Section 873, Title 18 U.S.Code)." (Emphasis supplied.)

1. This is jurisdictional, Marion v. United States, 9 Cir., 171 F.2d 185, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L. Ed. 1747; Drown v. United States, 9 Cir., 198 F.2d 999; but in these cases there was no finding that the indictment failed to charge an offense.

18 U.S.C.A., § 873, alleged to have been violated, reads as follows:

"Whoever, under a threat of informing, or as a consideration for not informing, *against any violation of any law of the United States,* demands or receives any money or other valuable thing, shall be fined not more than $2,000 or imprisoned not more than one year, or both." (Emphasis supplied.)

The emphasized portions of the indictment and statute graphically present defendant's contention that no offense is charged. It is to be noted that the indictment does not charge, *in the language of the statute,* that defendant demanded and received the money under a threat of informing or as a consideration for not informing *against a violation of a law of the United States,* but only "in *connection* with a certain obscene letter purportedly *sent* by the said Albert J. Pavia to Laura Holmes." There is a final reference to the statute alleged to have been violated by defendant. Is this tantamount to charging a threat of informing or not informing "against a violation of a law of the United States?"

■ An indictment is sufficient which states the essential elements of the offense and advises the defendant with sufficient particularity to enable him to prepare his defense and plead conviction or acquittal in jeopardy. Here the essential elements of the offense are: (1) demanding or receiving money or other valuable thing

from a described victim; (2) under a threat of informing, or as a consideration for not informing, against (3) a violation of some law of the United States. The first and second elements are clearly alleged but, as stated, the third is attempted to be covered by "in connection with a certain obscene letter purportedly sent by the said Albert J. Pavia to Laura Holmes."

■ No law of the United States prohibits the mere *sending* of an obscene letter to another person, since a letter can be *sent* by personal messenger or express. 18 U.S.C.A. § 1461 authorizes a fine of not more than $5,000 or five years imprisonment, or both, for *knowingly depositing* for *mailing* or delivery, etc., of nonmailable matter (which includes an obscene letter).[2] While it has been held that it is not necessary to state what particular law has been violated by the person threatened, or that the victim actually has violated a particular law of the United States[3] yet in all of the reported cases[4] the indictment alleged a threat of informing or not informing against a violation of *a* law or *some* described law of the United States.[5] Generally, too, there was an allegation that the defendant threatened to inform or agreed not to inform the proper officers of the alleged violation of such law of the United States—far more in particularity than is present in the case at bar.

■ Pointing to the evidence that defendant "merely stated in the telegram to Pavia in substance that he had found the letter of January 5th and that he required

2. A far more serious offense and authorizing a maximum punishment five times greater than the one for which defendant was indicted and tried. The facts established on the trial were that Pavia, a marine lieutenant, mailed to defendant's wife (Pavia's cousin) the most disgustingly depraved and obscene letter I have ever read, disclosing past immoral and unnatural intercourse between them. The letter fell into the hands of defendant, an enlisted man in the Navy. Pavia was not indicted for *mailing* the letter.

3. Roberts v. United States, 9 Cir., 248 F. 873, 877, certiorari denied 247 U.S. 522, 38 S.Ct. 583, 62 L.Ed. 1247; Jefford v. United States, 8th Cir., 31 F.2d 908;

United States v. Fero, D.C.Wis., 18 F. 901.

4. See also Farkas v. United States, 6 Cir., 2 F.2d 644.

5. In Roberts v. United States, footnote 3, supra, the indictment was for *conspiracy* to violate section 145 of the Penal Code, now 18 U.S.C.A. § 873. All the cases hold that it is not necessary in a *conspiracy* case to allege the offense agreed to be committed with the particularity necessary to a prosecution for the offense itself. But, the Roberts indictment alleged that defendants charged the victim with having violated "the White Slave Act [18 U.S.C.A. § 2421 et seq.]." See page 878 of 248 F.

$1500.00 within 72 hours or he would send the letter to the War Department," Government counsel says, on brief, that "it was not possible for the Government * * * to allege with particularity or to prove exactly what law of the United States the defendant Holmes intended to inform that Pavia had violated." The vice in the indictment is not the failure to allege "with particularity or exactly" *what* law Holmes intended to inform against, but that it fails to allege informing against *a* law or *any* law of the United States, either in the words of the statute or words tantamount to such allegation.

Government counsel argues further:

"Under the *facts* in this case, Pavia could have been prosecuted for a violation of the Postal Laws * * * in violation of Section 1461, Title 18, United States Code. Actually the letter was finally turned over to the Military Authorities and Pavia was prosecuted and convicted by a Court-martial for violating Sections 727 and 728, Title 50, United States Code. It is to be specially noted that the statutes under which Pavia was convicted are Acts of Congress and, therefore, laws of the United States. (All acts of the Congress are laws of the United States.) There is no reason why the demanding of money under the threat of informing against a law of the United States, punishable by Court-martial, should not come within the purview of Section 873, Title 18, as well as a threat of informing against the violation of criminal statutes prosecuted in the Federal Court. The facts set forth in the indictment are suffi-

cient to allege an offense by Pavia under both Sections 727 and 728, Title 50, United States Code * * * (and) are also sufficient to sustain the indictment if what Holmes intended to inform against was a violation of the Postal Laws."

Suffice to say, these facts were in the knowledge of Government counsel when the indictment was drawn and there is no reason why it could not have charged that defendant threatened to inform or not inform against violation of *a* law of the United States. This would have been sufficient without alleging *what* law he threatened to inform, or not inform against. Government counsel then could have urged, as he did upon the trial, that if the defendant threatened to inform, or not inform, the proper authorities against an alleged violation by Pavia of either the postal laws or the Military Justice Code, of which 50 U.S.C.A. §§ 727–728 [6] is a part. As it was, the court instructed the jury only as to a threat of informing or not informing against a violation of the postal laws, 18 U.S.C.A. § 1461, being at that time of the opinion that the blackmail statute did not apply to the general provisions of the Military Justice Code.

While the courts have gone a long way in upholding indictments, generally it has been in cases where they followed substantially the language of the statute. The indictment here does not do that and I think it fails to charge an offense.

Defendant's *motion to dismiss, originally* overruled and carried along with the case, therefore, is granted. The Clerk will notify counsel. Government counsel will submit an order accordingly.

---

6. Articles 133 and 134 of the Act of May 5, 1950 (the "Uniform Code of Military Justice"), authorizing court martial charges upon general charges of conduct unbecoming an officer and a gentleman; and conduct of such a nature as to bring discredit upon the armed forces. It is not claimed that the Military Justice Code expressly covers mailing an obscene letter, only that it could be reached by these "catch-all" sections.