## HOTCH v. UNITED STATES.
### No. 13621.

United States Court of Appeals
Ninth Circuit.
Sept. 14, 1953.

On Rehearing Dec. 2, 1953.
Further Rehearing Denied
March 22, 1954.

Frederick Paul, Seattle, Wash., William L. Paul, Jr., Juneau, Alaska, for appellant.

Patrick J. Gilmore, Jr., U. S. Atty., and James M. Fitzgerald, Asst. U. S. Atty., Juneau, Alaska, for appellee.

Before STEPHENS, BONE, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Steven V. Hotch, a registered commercial fisherman, is appealing from a conviction and sentence for taking salmon for food from Alaskan waters in violation of a regulatory extension of statutory closing hours and contrary to a Department of the Interior regulation. Appellant admitted in the United States District Court and here admits that he is a commercial fisherman and that he committed the acts alleged in the complaint and that his " * * * defense is that the regulation is invalid because prohibited by statute." That is, that the applicable statute reserves to appellant the right to take salmon for personal food requirements. The text of the regulation is as follows:

"102.51 *Prohibited by commercial fishermen.*

"No commercial salmon fisherman shall take salmon for personal use during any commercial salmon season except in compliance with commercial fishing regulations, * * *." 17 F.R. 1475; 50 C.F.R. § 102.51.

Sections 232 and 234 of Title 48 U.S. C.A., and all other code citations herein are codifications with amendments of the various Acts regulating fishing in Alaska.[1]

Section 232[2] makes unlawful the taking of salmon from Alaskan streams and five hundred yards seaward of any stream's mouth except by means which may be termed hand tackle, i. e., "hand rod, spear, or gaff".

Section 234[3] permits the taking of salmon beyond five hundred yards seaward of a stream's mouth by gear other than hand tackle (in this section "hook and line" is added) except during certain hours of each week during a season.[4] This section is not limited to streams and five hundred yards seaward of

1. Act of February 14, 1903, 32 Stat. 828, Act of June 26, 1906, 34 Stat. 478, Act of June 6, 1924, 43 Stat. 464, known as the White Act, 48 U.S.C.A. § 220 et seq.

2. "It shall be unlawful to fish for, take, or kill any salmon of any species or by any means except by hand rod, spear, or gaff in any of the creeks, streams, or rivers of Alaska; or within five hundred yards of the mouth of any such creek, stream, or river [areas not in suit excepted]: Provided, That nothing herein contained shall prevent the taking of fish for local food requirements or for use as dog feed: [other exceptions not relevant] * * *." Title 48 U.S.C.A. § 232, June 26, 1906, c. 3547, § 4, 34 Stat. 479; June 6, 1924, c. 272, § 4, 43 Stat. 466; April 16, 1934, c. 146, § 2, 48 Stat. 595; 1939 Reorg. Plan No. II, § 4(e), eff. July 1, 1939, 4 F. R. 2731, 53 Stat. 1433.

3. "It shall be unlawful to fish for, take, or kill any salmon of any species in any manner or by any means except by hand rod, spear, or gaff for personal use and not for sale or barter, and except by hook and line for either personal or commercial use, in any of the waters of Alaska * * *" from "six o'clock post meridian of Saturday of each week until six o'clock ante meridian of the Monday following, or during such further closed time as may be declared by authority conferred by law, but such authority shall not be exercised to prohibit the taking of fish for local food requirements or for use as dog feed. Whenever the Secretary of the Interior shall find that conditions in any fishing area make such action advisable, he may advance twelve hours both the opening and ending time of the above minimum thirty-six-hour closed period stipulated. * * *" Title 48 U.S.C.A. § 234, June 26, 1906, c. 3547, § 5, 34 Stat. 479; June 6, 1924, c. 272, § 5, 43 Stat. 466; 1939 Reorg. Plan No. II, § 4(e), eff. July 1, 1939, 4 F.R. 2731, 53 Stat. 1433; July 2, 1940, c. 514, 54 Stat. 723.

4. § 234 of Title 48 U.S.C.A. provides for a weekend closed period of thirty-six hours beginning at six p. m. Saturday. The Regional Director of the Fish and Wildlife Service at Juneau, Alaska, under authority delegated to him by the Secretary of the Interior (50 C.F.R. § 102.3a) pursuant to Title 48 U.S.C.A. § 221, extended the weekend closed period to begin at six p. m. Thursday. Regulatory Announcement 35, Announcement No. 2, dated May 19, 1952. Appellant was apprehended while fishing for salmon with a gillnet at 6:35 p. m. Thursday, May 22, 1952.

streams, but makes unlawful the taking of salmon in any American Alaskan waters by other than hand tackle except for special defined periods.

Salmon converge in numbers seaward of rivers up which they run for spawning. The taking of salmon in large numbers by seines and nets for commercial purposes in Alaskan waters is an important industry and salmon is an essential food for many Alaskans and their draft dogs. Experience has taught that the industry would be ruined and the inhabitants up stream would starve if unlimited taking of salmon for commerce were permitted in the streams or near their mouths.

As will appear by comparing them, § 234 covers much the same ground as § 232 but operates chiefly in waters beyond the five hundred yards outward from the streams' mouths. In such areas the taking by other than hand tackle is permitted, for any purpose, but is limited to certain open hours each week. The closed hours, however, may be increased by Departmental regulation.

Section 232 contains a provision that taking salmon for local food requirements or for dog feed shall not be "prevented" and Section 234 contains a provision that the taking for the same use shall not be "prohibited". The reservation in § 234, the section covering the area in which appellant was fishing, is limited by the clause "but such authority [the authority to increase the closed period] shall not be exercised to prohibit the taking of fish for local food requirements or for use as dog feed." Since salmon may be taken in the extended sea area by means additional to hand gear and at any time except the closed period as provided by § 234 or an extension thereof, and since the food reservation of § 234 applies specifically to the extended time, we must conclude that appellant was well within his rights when he caught two salmon for food by other than hand tackle during an extension of the closed period unless the Regulation 102.-51 of 50 C.F.R. (17 F.R. 1475) is valid as to appellant and validity prohibits

him as a commercial fisherman from taking salmon for food during the extended closed period.

It seems reasonable to assume that the reservations as to food in §§ 232 and 234 were meant to permit the settlers, trappers and Indians to take salmon in the established customary manner by traps and gillnets for immediate use and as well for the continuance of the ancient practice of drying fish for use through the long, hard winters. Taking salmon by hand tackle during the seasonal runs for such purposes is impractical if not impossible. But this reason for the rule does not apply at all to persons in the business of taking salmon in the open sea for profit. If such person can catch enough salmon during the open period of each week to profit by it, as a vocation, he cannot reasonably be faced with local food requirements that demand the taking of salmon during the short extension of the closed period. The reservation then as to taking salmon for food requirements, as contained in § 234, cannot be reasoned into a bar to the regulation of taking salmon by commercial fishermen if their practices interfere with the purposes of the fisheries Act.

And it was found that their practices do tend to frustrate the purposes of the Act. It is easy enough for the few dishonest commercial fishermen, to the prejudice of the honest ones, to continue to fish after the hour of the open period and when caught, to assert that they were fishing for their own food requirements. Enforcement of the closed period would be impractical as to the policing; and inspecting would be intolerable and unreasonably expensive; and convictions in court would be extremely difficult. We think the food provision of the statute cannot reasonably be construed to support appellant's contention that the regulation is void or invalid as to him as a commercial fisherman.

There is further support for the validity of the Regulation 102.51. Whether Congress could either directly or through delegated authority prohibit all fishing in

Alaska including the ancient right to take fish for personal use as food, we need not decide, but we have no hesitancy in holding that it could prohibit commercial fishing "[f]or the purpose of protecting and conserving the fisheries * * *."[5] Fishing commercially is entirely an act of volition on the part of the fisherman and permission on the part of the government on terms prescribed by the government which of course must be the same as to all in any certain class.

The governmental Department in authority is of the opinion that closed periods during the salmon runs are necessary for the protection and conservation of the business of commercial fishing and the furnishing of food as hereinbefore outlined. It appears that the Congress and the Department were of the opinion that there would be too little cessation of commercial fishing without a reasonable regulation. Hence Congress enacted §§ 232 and 234 of Title 48 U.S.C.A. and the Department promulgated Regulation 102.51 of Title 50 C.F.R.

In studying and relating §§ 232 and 234, see texts in footnotes 2 and 3 supra, each to the other and to the instant case, it should be borne in mind, as we have heretofore stated, that they are parts of a codified version of an original integrated Act. Some apparent inconsistencies may be explained by comparing the code sections with the original Act.[6]

The point we now consider is one which counsel for appellant waived in his oral argument. Nevertheless we are of the opinion that it is our duty to consider it.

The regulation admittedly violated was Regulation 102.51 of Title 50 C.F.R., 17 F.R. 1475. However, the section in an amended form had been promulgated but was not in effect when the acts complained of were committed. The heading of the complaint mistakenly made reference to the regulation "as amended", but the error was not carried into the body of the complaint. The District Judge rendered an opinion in the case in which he quoted the regulation as amended. Can the judgment stand?

The erroneous reference in the heading is of no moment, as an offense is correctly stated in the body of the complaint. Williams v. United States, 1897, 168 U.S. 382, 389, 18 S.Ct. 92, 42 L.Ed. 509. The offense charged is based upon Regulation 102.51, supra, before amendment, which appellant admits he violated and he admits his guilt unless the regulation is void or of no effect because of the food provision of § 234. We have already covered the latter point adversely to appellant's contention.

We have heretofore quoted the original or unamended Regulation 102.51. As amended it reads:

"§ 102.51 *Prohibited with commercial gear; exception.*

"Within any regulatory area, district or section, all fishing for personal use with gillnet, seine or trap shall be subject to the laws and regulations governing commercial fishing during the period starting 48 hours before the opening of a commercial season for such gear and continuing until 48 hours after its close: * * *." 50 C.F.R. § 102.51; 17 F.R. 4347, May 13, 1952.

Counsel for the government and counsel for appellant in oral argument to us stated that in their opinions the differences between the original regulation and the regulation as it stood after amendment are not essential in this case, and we have come to the same conclusion.

■ It is common knowledge that commercial salmon fishermen, to the practical exclusion of hand tackle, take numerous fish by one spread of seine, net, or trap, as the fish congregate near and in the mouth of streams in which they spawn. The provision of § 234 which limits salmon taking to hand tackle except during the open periods provided therein, is a regulation definitely aimed at commercial fishing. Therefore, when

---

**5.** The quotation is from title 48 U.S.C.A. § 221.

**6.** See citations in footnote 1 supra.

appellant took salmon with his commercial gillnet which is not a hand tackle at all and is not mentioned in § 234 as permissible for use during the closed period (it was neither a "hand rod, spear, or gaff" nor a "hook and line"), he was violating the commercial fishing regulation and was within the compass of the original Regulation 102.51 with which he was charged.

When he took the salmon with the gillnet he was of course violating a specifically condemned practice in § 102.51, as amended.

Therefore, even if the trial judge did find appellant guilty specifically of taking salmon with a gillnet, the conviction rested upon an act condemned by the original regulation.

Affirmed.

ORR, Circuit Judge (concurring).

I reach the same conclusion as does the majority of the court, but I differ with them in the construction of the statutes and regulations under consideration.

The complaint filed in the commissioner's court at Juneau, Alaska, charged appellant Hotch with the crime of fishing during the weekly closed period with all of his commercial gear in the water in violation of Regulation 102.51, as amended, of the commercial fishing regulations. After conviction in the commissioner's court an appeal was taken to the district court and upon a trial *de novo* the appellant was again found guilty. At the time this alleged offense occurred the Department of the Interior was in the process of amending its original Regulation 102.51, 17 F.R. 1475; 50 C.F.R. § 102.51, and the charge was made and the trial was had upon the theory that the amended regulation was in force and effect. Such was not the case. The time required by law for the promulgation of a regulation before it could become operative had not expired. 5 U.S.C.A. § 1003(c). However, I agree that the language of the charge as stated in the complaint brings the case within the prohibitory provisions of the original Regulation 102.51. That regulation reads:

"102.51 *Prohibited by commercial fishermen.* No commercial salmon fisherman shall take salmon for personal use during any commercial salmon season except in compliance with commercial fishing regulations, or within 48 hours before or after such season." 17 F.R. 1475; 50 C.F.R. § 102.51.

The regulation prohibits a commercial fisherman from taking salmon for personal use during any commercial salmon season unless he complies with commercial fishing regulations. As I read the regulation it does not absolutely prohibit a commercial fisherman from taking salmon for personal use during the designated time. He may fish for personal use, or commercially for that matter, provided he complies with the regulations. The question then arises, what are the commercial fishing regulations with which he must comply? An answer must be sought in the laws regulating fishing in Alaska and the regulations promulgated thereunder.

Insofar as I am advised, the only pertinent law is found in §§ 221 and 234 of Title 48 U.S.C.A. Section 234 reads as follows:

"§ 234. *Closed season for salmon; stationary and floating traps.* It shall be unlawful to fish for, take, or kill any salmon of any species in any manner or by any means except by hand rod, spear, or gaff for personal use and not for sale or barter, and except by hook and line for either personal or commercial use, in any of the waters of Alaska over which the United States has jurisdiction from six o'clock post meridian of Saturday of each week until six o'clock ante meridian of the Monday following, or during such further closed time as may be declared by authority conferred by law, but such authority shall not be exercised to prohibit the taking of fish for local food requirements or for use as dog feed." 48 U.S.C.A. § 234.

It is clear that this section applies to all fishermen and defines the kind of gear which may be used during the closed period. The use of hand gear only is permitted during said period and nowhere

therein can be found permission to use nets. The Secretary of the Interior is given authority to extend the closed period with the proviso, however, that such authority shall not be exercised so as to prohibit the taking of fish for local food requirements or for dog feed. Unless the Secretary in extending the closed period shall otherwise provide, the same restrictions in § 234 as to the type of gear which may be used during the closed period apply to the extended closed priod. The Secretary extended the weekend closed period to begin at 6 p. m. Thursday instead of Saturday, but he has not granted permission to use nets during the extended period. To the contrary in the amended Regulation 102.51, 17 F.R. 4347; 50 C.F.R. § 102.51, the Secretary has expressly forbidden the use of net, seine, or trap. Therefore, during the extended closed period only such gear as is expressly allowed by § 234 may be used to take salmon for personal or commercial use. I am of the opinion that the Secretary amended Regulation 102.51 in order to make absolutely clear the prohibition against the use of nets by all fishermen during the extended closed period. The amended regulation is an administrative determination that the statute is not a bar to commercial fishermen as such, but rather is a bar against the use of commercial gear during the closed period.

The food reservation clause of § 234 does not prevent the Secretary from *regulating* the kind of gear that may be used during the extended closed period. That clause is designed to prevent the Secretary of the Interior from making such unreasonable extensions of the closed period or such unreasonable limitations on the kind of gear so as to effectively prevent the local inhabitants from obtaining sufficient fish to satisfy their food requirements. There is no showing that the prohibition against the use of commercial gear during the extended closed period has prevented the local inhabitants from obtaining sufficient fish for their food requirements or for use as dog food. Under the existing law, during the open period fish may be taken without limit commercially and for personal use with all manner and type of commercial gear, and during the limited closed period, fishermen are free to use hook and line for commercial fishing, and hand rod, spear, gaff and hook and line for personal fishing. Only by construing § 234 to permit the Secretary of the Interior to regulate all fishing can effect be given to the congressional purpose of "protecting and conserving the fisheries of the United States in all waters of Alaska". 48 U.S.C.A. § 221.

I take the view that § 234, in the absence of express permission granted by the Secretary of the Interior, prohibits both commercial and personal use fishing with commercial gear during the extended closed season. I would affirm the conviction on the ground that appellant violated original Regulation 102.51 by using a gillnet while fishing for personal use during the extended closed period, such gear being specifically prohibited by law.

On Petition for Rehearing.

STEPHENS, Circuit Judge.

This case was tried in the district court upon stipulation of fact and one point of law. Appellant admitted catching two salmon with a gill net at about 6:30 P.M., Thursday, May 22, 1952, in violation of a regulation of the Secretary of the Interior closing the Taku Inlet to fishing from 6:00 P.M. Thursday to 6:00 A.M. Monday of each week, and he rested his defense upon the sole ground that "the regulation [prohibiting personal use fishing with gill net, seine or trap during a closed period [1]] is invalid because prohibited by statute [in re 'the taking of fish for local food requirements or for use as dog feed',[2]]" That was the only question presented to this court on appeal. And we gave that question our attention. Subsequent to the oral argument in which the limitation on the appeal was emphasized by appellant's

1. Title 50 C.F.R. § 102.51.

2. Title 48 U.S.C.A. §§ 232 and 234.

counsel, and after we had reached our conclusion on the question presented, counsel for appellant filed a memorandum raising for the first time an additional point, i.e., that there was "no *published* regulation prohibiting fishing on Thursday evening, May 22, 1952,"[3] [italics ours] and therefore, the complaint did not charge an offense.

■ The regular weekend closed periods were set out by Congress to extend from 6:00 P.M. Saturday to 6:00 A.M. Monday of each week,[4] but the weekend closed period in the Taku Inlet was legally extended[5] to begin at 6:00 A.M. Friday by regulation published in the Federal Register. Title 50, C.F.R. § 119.4(a). A second extension of the Taku Inlet closed period for the weekend which was to commence at 6:00 P.M. each Thursday was announced on May 19, 1952[6] but had not been published in the Federal Register as required by the Administrative Procedure Act[7] when the appellant performed the act in suit. Accordingly, the act complained of was not an offense[8] at the time it was performed.

Rule 12(b) (2) of the Federal Rules of Criminal Procedure, Title 18 U.S. C.A., provides in part as follows:

" * * * Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

We, therefore, now take note of this jurisdictional defect.

■ Since the complaint fails to state an offense, the petition for rehearing is granted, the case is resubmitted upon the

record, briefs, and the oral argument heretofore had, the judgment is reversed and the case is remanded with instructions to dismiss it.[9]

Reversed and remanded for dismissal.

---

3. "Additional Memo by Appellant", p. 1.

4. Title 48 U.S.C.A. § 234.

5. Authorized by Title 48 U.S.C.A. §§ 234 and 221. See, also, Title 50 C.F.R. § 102.3a.

6. Regulatory Announcement 35, Announcement No. 2, was announced by the Regional Director of the Fish and Wildlife Service at Juneau, Alaska, under authority delegated to him by the Secretary of the Interior. Title 50 C.F.R. § 102.3a.

7. Title 5 U.S.C.A. §§ 1003 and 1001(c).

8. See Title 48 U.S.C.A. §§ 222 and 226.

9. See Sonnenberg v. United States, 9 Cir., 1920, 264 F. 327.