George C. FINN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7372.

United States Court of Appeals
Fourth Circuit.

Submitted April 23, 1958.

Decided May 28, 1958.

George C. Finn, pro se.

L. S. Parsons, Jr., U. S. Atty., Richmond, Va., and A. Andrew Giangreco, Asst. U. S. Atty., Arlington, Va., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

George Finn, who brings this appeal, was convicted by a jury in the United States District Court for the Eastern District of Virginia under an information charging him with using profane language in the Washington National Airport contrary to the Airport regulations. 14 C.F.R. (1957 Supp.), Sec. 570.71.[1] The Court imposed a fine of $25.

The appellant contends that he cannot lawfully be prosecuted for violating a rule of conduct established by the Civil Aeronautics Administrator. Calling attention to the statute which authorizes the Administrator to "have control over, and responsibility for, the care, operation, maintenance, and protection of the airport, together with the power to make and amend such rules and regulations as he may deem necessary to the proper exercise thereof" (54 Stat., Ch. 444, Sec. 2, p. 688; D.C.Code, Tit. 7, Sec. 1302), Finn argues that the statute did not empower the Administrator "to establish the conduct of citizens or make such conduct a crime against the United States."

The broad powers conferred upon the Administrator to control and protect the Airport would seem necessarily to include the power to regulate the conduct of those who use it. The appellant, moreover, apparently overlooks another statute, enacted as an amendment to the one relied on by him, which, in express terms, provides that "Any person who knowingly and willfully violates any rule or regulation prescribed under this Act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $500 or imprisoned not more than six months, or both." 61 Stat. Ch. 62, Sec. 5, p. 94; D.C.Code, Tit. 7, Sec. 1305.[2]

Finn next challenges the sufficiency of the information, the relevant portion of which is quoted in the margin.[3] Since the prosecutor did not use

---

1. "Sec. 570.71—*Disorderly conduct.* No person, while on the airport or in any building located on the airport, shall
 * * *
 "(e) Use profane or vulgar language."

2. The appellant is, however, aware of the regulation, promulgated by the Administrator, which contains substantially the same language as the penalty statute. 14 C.F.R. (1952), Sec. 570.131.

3. "Count Two
 "The United States Attorney Further Charges:
 "That, George C. Finn, heretofore, to wit, on or about the 18th day of September, 1956, at the Washington National Airport, Passenger Terminal, within the jurisdiction of this Court, did unlawfully and without just cause or excuse, and in a riotous or disorderly manner use loud and profane language; con-

the words "knowingly and willfully," the appellant argues that the information failed to state the essential elements of the crime. The point was not raised before trial, and not until after verdict did the defendant, by motion in arrest of judgment, question the sufficiency of the information. The Government's brief argues, without citing authority, that the point was waived because it was not raised by preliminary motion. We think the law is plainly to the contrary. Lesser defects are waived if not pointed out earlier, so as to allow the prosecution an opportunity to amend. Rules 7(e) and 12(b), F.R.Crim.Proc., 18 U.S.C.A. However, Rule 34 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., specifically declares that if the information fails to charge an offense, the court shall arrest judgment.

■■ Having determined that a motion in arrest of judgment is appropriate to challenge the sufficiency of the information, the question arises as to the timeliness of the motion in this case, for it was filed seven days after the verdict. While it is true that Rule 34 requires such a motion to be made "within 5 days after determination of guilt, or within such further time as the court may fix during the 5-day period," Rule 12 provides that, "failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding." See United States v. Holmes, D.C.S.D.Texas 1953, 110 F.Supp. 233.

In the Tenth Circuit, even after sentence, such objection was entertained on its merits, the court treating the motion in arrest of judgment as one to vacate sentence under 28 U.S.C.A. Sec. 2255. See opinion by Judge Murrah in Marteney v. United States, 1954, 216 F.2d 760.

We note that the Ninth Circuit, in Marion v. United States, 1948, 171 F.2d 185, 186, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747, held that the requirement as to time in Rule 34 is jurisdictional, but in a later case, when Rule 12 was called to its attention, it permitted a complaint to be attacked for failing to state an offense, although the point was made for the first time after the case had been argued on appeal. Hotch v. United States, 9 Cir., 1953, 208 F.2d 244, 250.

■ We thus reach the merits of the motion. It is undisputed that a "statement of the essential facts constituting the offense charged" is indispensable to the validity of an indictment. Rule 7, F.R.Crim.Proc., 18 U.S.C.A. Where willfulness or knowledge is made an element of the crime, the statutory requirement is not to be ignored. The charge must either include these terms, *or words of similar import.* Cf. Howenstine v. United States, 9 Cir., 1920, 263 F. 1, 4; Rumely v. United States, 2 Cir., 1923, 293 F. 532, 547; United States v. Renken, D.C.W.D.S.C.1944, 55 F.Supp. 1; Griffith v. United States, 6 Cir., 1956, 230 F.2d 607; United States v. Deer, D.C. E.D.N.D.Wash.1955, 131 F.Supp. 319; Chow Bing Kew v. United States, 9 Cir., 1957, 248 F.2d 466, 471. The defendant insists that the very words "knowingly and willfully" must be used and attaches no weight to the propriety, recognized in the cited cases, of using alternative language. The draughtsman of the information in this case failed to observe the better and easier practice, generally followed by careful prosecutors, of charging the offense in the language of the statute and regulation. This would have avoided all question. In our judgment the information nevertheless sufficiently alleges the essentials. Particularly, in reviewing the denial of a motion made after verdict, our task is to determine only whether "the necessary facts appear in any form, or by a fair construction can be found within terms" of the information. Hagner v. United States, 1932, 285 U.S. 427, 433, 52 S.Ct. 417, 420, 76 L.Ed.

trary to the form of the Airport regulation in such case made and provided and against the peace and dignity of the United States of America. (Rules of Washington National Airport, Rule 570.-71. (Disorderly Conduct).)"

861. As the Court said in the cited case, while the charge "is loosely and inartificially drawn and is not to be commended," it does state an offense.

█ The answer to the question raised here depends upon the meaning of "knowingly and willfully" in the particular statute. The words have no single fixed and uniform meaning. "Willful" has been held to be "a word of many meanings, its construction often being influenced by its context." Spies v. United States, 1943, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418. Sometimes it has been held to require that the act shall have been done with a bad purpose. Felton v. United States, 1877, 96 U.S. 699, 24 L.Ed. 875; United States v. Murdock, 1933, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381; Spies v. United States, 1943, 317 U.S. 492, 498, 63 S.Ct. 364, 368, 87 L.Ed. 418. In other instances it has been held to connote no more than that the accused shall have intended to engage in the prohibited conduct. Armour Packing Co. v. United States, 1908, 209 U.S. 56, 85, 28 S.Ct. 428, 52 L.Ed. 681; Powell v. United States, 4 Cir., 1940, 112 F.2d 764, 767; United States v. Saglietto, D.C.E.D.Va. 1941, 41 F.Supp. 21, 28.

In dealing with a simple act like using profane language, as distinguished from a complicated course of conduct which may be colored by its purpose, it is difficult to imagine that anything more was intended by the statute than that the accused shall have known that the words are profane and that he shall have uttered them voluntarily. In the factual context alleged, namely, that the defendant "did unlawfully and without just cause or excuse and in a riotous or disorderly manner use loud and profane language," the accusation is in substance the equivalent of a charge that he did so in the sense intended by the statute, knowingly and willfully. This is necessarily so because he could not conceivably conduct himself in the manner described otherwise than knowingly and willfully.

The elements of knowledge and wilfulness are inherent in the concrete recital.

In earlier times, in an effort to mitigate the rigors of the criminal law, courts insisted on extreme strictness in pleading. Rule 7 (F.R.Crim.Proc., 18 U.S. C.A.) is declaratory of the more modern view that the requirements are satisfied by a "plain, concise and definite written statement" which fairly informs the defendant of the charge to which he is to answer. As Judge Hutcheson, speaking for the Fifth Circuit, said in Hartwell v. United States, 1939, 107 F.2d 359, 362:

> "While it is certainly true that a valid indictment cannot be dispensed with as a predicate to conviction where an indictment is necessary, Grimsley v. United States, 5 Cir., 50 F.2d 509, it is also true that the practice of fine combing indictments for verbal and technical omissions is no longer countenanced in the courts, and that a substantial compliance with the purpose of an indictment to acquaint the defendant with the offense of which he stands charged, so that he can prepare his defense and protect himself against double jeopardy, is sufficient. The indictment complained of complies fully with the rule."

We think that the information here accomplishes this clearly enough, and embodies in substance every element of the offense defined in the statute and regulation.

█ While a defendant is not foreclosed by the verdict from raising the objection that the information fails to state an offense, the fact that he delayed raising the objection until it was too late to cure it by a simple amendment, may be a consideration in judging the information's sufficiency. Indictments and informations are construed more liberally after verdict than before, and every intendment is then indulged in support of the sufficiency. See, Fippin v. United States, 9 Cir., 1947, 162 F.2d 128, 131; Dickerson v. United States, 4 Cir., 1949,

175 F.2d 440; Aaron v. United States, 4 Cir., 1951, 188 F.2d 446, certiorari denied 341 U.S. 954, 71 S.Ct. 1006, 95 L.Ed. 1376; Gibson v. United States, 4 Cir., 1957, 244 F.2d 32.

█ Finally, the appellant attacks the Judge's charge to the jury. It is not reproduced in the brief or appendix as required by the rules of this Court, Rule 10, subd. 1, 28 U.S.C.A. This omission, however, is excusable, as we have access to the transcript of the charge, which was included in the original record although the testimony was not. More serious is the fact that at the trial, neither the defendant's lawyer nor the defendant himself, who actively participated in his defense, raised any objection to the charge, as required by the Federal Rules of Criminal Procedure, Rule 30 (18 U.S.C.A.). In the absence of objection at the trial, a claimed error in the charge will be noticed on appeal only in unusual circumstances not present in this case. Coppersmith v. United States, 4 Cir., 1949, 176 F.2d 353.

█ Having nevertheless examined the charge, we find no basis for the objection. The defendant complains that the Judge should have instructed the jury that if the profanity was used while resisting a false arrest, the defendant was justified. There is no foundation in the record for the hypothesis that there was a false arrest, for the testimony at the trial was not transcribed, nor was it stipulated, and we need not entertain the contention that profanity could lawfully be used in resisting an arrest of this character.

The Judge did, however, instruct the jury that to convict they must find that the profanity was "uttered in public repeatedly, so that it would be in the nature of a nuisance or breach of the peace." Thus it appears that the court's charge was, if anything, more favorable to the defendant than he was entitled to demand.

Judgment affirmed.