**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles E. VARNER, Defendant-Appellant.**

**No. 29513.**

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1971.

Rehearing Denied April 12, 1971.

John A. DeVault, III, Jacksonville, Fla., Williams, Ralph Geilich & Potter, Melbourne, Fla., Robert P. Smith, Jr., Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction of a former bank director on five counts of an indictment for using the mails to defraud.

The principal contention made on this appeal is that the trial court should not have permitted the case to go to the jury because the indictment so lacked in apprising the defendant of the specific charge and nature of the offense against him and to protect him against double jeopardy as to be void. A secondary objection is the failure of the trial court to grant a motion for a bill of particulars.

The indictment is in five counts. Each of the counts contains the following language:

"1. Commencing on or about the 7th day of July, 1965, and continuing to on or about the 21st day of December 1965, the defendant.

CHARLES E. VARNER

devised and intended to devise a scheme and artifice to defraud the Bank of South Brevard, Melbourne, Florida, and to obtain money therefrom by means of the following false and fraudulent pretenses and representations well knowing at the time that the pretenses and representations were false when made: ·

"Charles E. Varner did knowingly and wilfully submit to the Bank of South Brevard, Melbourne, Florida, false and fraudulent bank drafts as deposits to an account maintained by him at said bank entitled Coleman's Airport Village Inn, Account No. 09-0-001-3.

"The defendant, Charles E. Varner, was on the Board of Directors of the bank at the time each bank draft was submitted and on each occasion of the submission of the false and fraudulent drafts the aforementioned bank account was in an overdrawn status. As a result of the submission the aforesaid account was credited with the particular amount and was brought into a current status.

"2. On or about the 7th day of July, 1965, in Brevard County, Florida, in the Middle District of Florida, the defendant,

CHARLES E. VARNER

for the purpose of executing the aforesaid scheme and artifice and attempting to do so, did with unlawful intent cause to be placed in an authorized depository for mail matter a bank draft # 87-777, dated July 7, 1965, drawn on the Hamilton National Bank, Knoxville, Tennessee, made payable to Coleman's Airport Village Inn in the amount of $5,000.00, with the signature of Charles E. Varner thereon, said draft was sent and delivered by the Post Office Establishment of the United States; all in violation of Title 18, United States Code, Section 1341."

Each subsequent counts realleged all of the allegations of the first count of the indictment other than the last paragraph thereof, and then alleged, in sub-

stantially the same language, that Varner caused to be placed in an authorized depository a "bank draft" specifically described in a given amount.

■ The first difficulty faced by the appellant here is that no attack was made on the failure of the indictment to satisfy the required specificity by a motion filed prior to trial, as required by Rule 12(b) (2) and (3) of the Federal Rules of Criminal Procedure. All objections to the form of indictment were, therefore, waived. (It should be noted that counsel in this appeal was not counsel at the time of the trial.)

■■ Furthermore, we are satisfied that a careful reading of the indictment demonstrates clearly that what, in effect, the grand jury charged was a scheme by Varner to "kite" drafts drawn on distant points, to have them deposited in his account in the bank of which he was an officer, and obtain credit therefor, and that part of the scheme was furthered by the use of the United States mails. Although it may have been much clearer to the casual reader had the indictment included the language to the effect that when Varner deposited these drafts he knew they were worthless and did not intend that they would ever be honored by the drawee, we think this language was not necessary in light of the fact that the indictment referred to them as "false and fraudulent bank drafts as deposits to an account maintained by him." Proof of the falsity and fraudulent nature of the drafts could be supplied by the fact that none of them was ever paid and the jury could infer from the testimony on the trial that Varner knew at the time he made the deposit that they were never expected to be paid.

With respect to the contention that the trial court erred in not requiring a bill of particulars, the answer again is that this point was waived by trial counsel for appellant. Moreover, it appears that no harm was done by such waiver because, by proper motion, appellant's counsel obtained documents that made it clear to him what transactions were actually to be dealt with by the government upon the beginning of the trial.

We have carefully considered the other points raised by appellant, particularly with respect to the question whether the jury could infer from the evidence given, as to any of the counts, that Varner knew and intended that the mails would be used in the handling of these "false and fraudulent" drafts.

■ We need not consider whether with respect to each of the five items the proof of mailing was adequate, because the sentences are concurrent sentences and adequacy of the proof with respect to any one of the counts would be sufficient to sustain the judgment of conviction and sentence, making it unnecessary to ascertain whether proof was adequate as to all five. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

The judgment is affirmed.

BROWN, Chief Judge (concurring specially):

I concur in the decision and all of the opinion except the part that relates to the sufficiency of the indictment as it assumes that F.R.Crim.P. 12(b) (2) was satisfied. Here Appellant is properly faulted, not for the initial failure to meet the precise time table of Rule 12(b) (2) (3),[1] but rather because it

---

1. "(b) The Motion Raising Defenses and Objections."

   \*       \*       \*       \*       \*

   "(2) Defenses and Objections Which Must Be Raised. Defenses and objections based on defects in the institution of the prosecution or in the indictment or information \* \* \* may be raised only

by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to prevent any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver \* \* \* failure of the indictment or information

was not until the close of the evidence (if then) that the sufficiency of the indictment was challenged.

Some place between the beginning and the almost end was available to raise the point. The Court has much discretion in allowing a tardy challenge.[2] And under some circumstances it may be determined on appeal that the defect may or should be noticed.[3] But those circumstances are not present here.

But I reject the Court's holding that on a timely, or postponed, permissible attack this indictment would be upheld. Every action charged was an every day business transaction between upright business men. What made this scheme fraudulent by proof was a plan to draw apparently legitimate drafts knowing that each would not be accepted on presentment. And through this "kiting" Varner kept his checking account current. But that was not charged.

With the transactions occurring in states as far off as California the trial itself revealed the impossibility of obtaining during the trial rebuttal witnesses on crucial points. Indeed the record shows that the Government's

theory shifted from time to time and it was not until the jury verdict (or maybe on argument before us) that it jelled.

Granting that the indictment was sufficient to "charge an offense" I think that under the sweep of mail fraud prosecutions a citizen is entitled to be informed why what may be legitimate is not so in fact. Van Liew v. United States, 5 Cir., 1963, 321 F.2d 664; Russell v. United States, 1962, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240.

We ought not jeopardize the rights of citizens by encouraging slovenly draftsmanship by the sovereign's exclusive agent for the commencement and maintenance of a prosecution. See United States v. Cox, 5 Cir., 1965, 342 F.2d 167 (en banc), cert. denied, sub nom., Cox v. Hauberg, 1965, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700; Luna v. Beto, 5 Cir., 1968, 395 F.2d 35 (en banc), cert. denied, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568; Sumrall v. United States, 5 Cir., 1968, 397 F.2d 924, cert. denied, 393 U.S. 991, 89 S.Ct. 467, 21 L.Ed.2d 455.

I therefore concur specially.

---

to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

"(3) Time of Making Motion. The motion shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter."

F.R.Crim.P. 12(b) (2) (3).

2. See Finn v. United States, 4 Cir., 1958, 256 F.2d 304, and the recapitulation therein of a number of cases in which the sufficiency of the indictment was raised during different stages of the proceedings. See also United States v. Holmes, S.D. Tex., 1953, 110 F.Supp. 233; Wright, Federal Practice and Procedure, Criminal § 193.

This is expressed in the "Notes of Advisory Committee on Rules", 18 U.S.C.A. F.R.Crim.P. 12, where it is stated that "Subdivision (b) (3) * * * vests dis-

cretionary authority in the court to permit the motion to be made within a reasonable time [after pleading] * * * [and that] the rule supersedes 18 U.S.C. §§ 3288, 3289, formerly § 566a, fixing a definite limitation of time for pleas in abatement and motions to quash."

3. The following cases acknowledge that the sufficiency of the indictment "may be noticed by the court at any time during the pendency of the proceeding", Gendron v. United States, 8 Cir., 1961, 295 F.2d 897, and, at whatever point this may happen to be, the court can then determine whether remedial action is necessary: United States v. Manuzak, 3 Cir., 1956, 234 F.2d 421; Walker v. United States, 5 Cir., 1965, 342 F.2d 22, cert. denied, 1965, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97; Hotch v. United States, 9 Cir., 1953, 208 F.2d 244, 14 Alaska 574.