### UNITED STATES of America, Plaintiff-Appellee,

#### v.

### Joseph RANDAZZO, Defendant-Appellant.

#### No. 28699.

United States Court of Appeals, Fifth Circuit.

April 3, 1972.

Bernard Morris Stoller, Dallas, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Edward B. McDonough, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee; William B. Butler, Special Asst. to the Commissioner of Customs, of counsel.

Before JOHN R. BROWN, Chief Judge, and JONES, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM, and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

The Court en banc, having heard additional oral argument and considered additional briefs, withdraws the opinion of the original panel of this Court and substitutes therefor this opinion.

Appellant Joseph Randazzo is currently, and has been since July 1962, incarcerated in a New York state prison serving a sentence for a murder conviction. In October 1963, he was called before a federal grand jury by a writ of habeas corpus ad testificandum and asked questions about certain persons and events the grand jury was investigating in its inquiry into narcotics offenses. When Randazzo refused to answer the questions, he was granted immunity by the district court under 18 U.S.C. § 1406 [1] and ordered to answer. On October 31,

---

1. Whenever in the judgment of a United States attorney the testimony of any witness, or the production of books, papers, or other evidence by any witness, in any case or proceeding before any grand jury or court of the United States involving any violation of—

    (1) any provision of part I or part II of subchapter A of chapter 39 of the Internal Revenue Code of 1954 the penalty for which is provided in subsection (a) or (b) of section 7237 of such Code,

    (2) subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C., sec. 174), or

    (3) the Act of July 11, 1941, as amended (21 U.S.C., sec. 184a), is necessary to the public interest, he, upon the approval of the Attorney General, shall make application to the court that the witness shall be instructed to testify or produce evidence subject to the provisions of this section, and upon order of the court such witness shall not be ex-

1963, Randazzo again refused to answer the questions put to him. He was ordered to show cause why he should not be held in contempt, tried by the court without a jury, and sentenced to eighteen months imprisonment to begin after the expiration of his state sentence. On October 21, 1964, this Court, in Randazzo v. United States, 5 Cir., 339 F.2d 79, vacated the conviction and remanded the case to the district court.

Our disposition of the appeal was based on footnote 12 in United States v. Barnett, 1964, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23, casting doubt on the continued vitality of the previously accepted view that the length of sentence which might be imposed for the class of contempts denominated criminal was unaffected by any constitutional right of trial by jury. The United States points out that since this question was involved in other cases known to be on their way to the Supreme Court, and since Randazzo still faced many years of imprisonment upon a murder conviction in the state of New York and was then incarcerated (as he still is) at Green Haven Prison, Stormville, New York, it appeared advisable to defer further action in the case until this matter was resolved. The decision of the Supreme Court in United States v. Harris, 1965, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240, contrary to expectation, did not settle the question of the necessity of a trial by jury if a sentence in excess of six months was to be imposed, going off instead upon the point that the show-cause procedure set out in Rule 42(b), F.R.Crim.P., rather than the summary procedure of 42(a), should have been utilized. It was not until the later decisions in Shillitani v. United States, 1966, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622, and Cheff v. Schnackenberg, 1966, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629, that this point could be regarded as settled.

In July 1966, Randazzo was called before a federal grand jury and asked questions substantially similar to those propounded in 1963. Randazzo again refused to answer the questions. After being granted immunity by the district court for a second time and being ordered to answer, he persisted in his refusal when he appeared before the grand jury on July 11, 1966.

On October 13, 1969, the Government obtained an order to show cause why Randazzo should not be held in contempt for (1) his refusal to answer questions before the grand jury on October 31, 1963 and (2) his refusal to answer questions on July 11, 1966. Randazzo was convicted by a jury on both counts and sentenced to one year imprisonment on each count with the sentences to run concurrently.

On appeal, Randazzo urges reversal as to both counts. We affirm his conviction on count one; we do not reach his contentions as to the second count.

■ Randazzo argues, first, that his conviction for the 1963 offense was barred by 18 U.S.C. § 3282.[2] We cannot

cused from testifying or from producing books, papers, or other evidence on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. But no such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, nor shall testimony so compelled be used as evidence, in any criminal proceeding (except prosecution described in the next sentence) against him in any court. No witness shall be exempt under this section from prosecution for perjury or contempt committed while giving testimony or producing evidence under compulsion as provided in this section. 18 U.S.C. § 1406.

2. Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed. 18 U.S.C. § 3282.

agree. The 1969 proceeding was a continuation of the prosecution begun in 1963, not, as Randazzo contends, a new prosecution. The 1963 conviction was vacated by this Court and the case was remanded to the district court for further proceedings. The district court never entered an order of dismissal, and the prosecution remained dormant yet viable until 1969 when the Government revived the case by its application for a show cause order. The statute of limitations was tolled in 1963 when the Government first secured an order to show cause. The 1969 proceeding was a continuation of the 1963 prosecution.[3] The fact that the Government chose to commence the 1969 proceeding with a ·new order to show cause does not persuade this Court that the 1969 proceeding involved a separate and distinct prosecution barred by the statute of limitations. The 1969 show cause order served only notice purposes and was mere surplusage. The contempt prosecution was commenced in 1963 by the issuance of a show cause order. The statute of limitations was tolled at that time and will not serve to bar the 1969 revival of the proceedings begun in 1963.

▆ Randazzo argues that the 1969 proceeding for the 1963 offense was barred by the discharge of the 1963 grand jury which, he contends, renders the 1963 order to testify null and void. Had Randazzo been confined as a coercive measure until such time as he agreed to testify, his period of confinement would have ended with the discharge of the grand jury because obedience of an order to testify would have been impossible after the discharge of the grand jury. Such is the nature of coercive civil contempt. Here, however,

Randazzo received a fixed punishment for a completed contempt. The 1969 proceeding seeking to reinstate punishment following reversal by this Court for the 1963 contempt was not barred by the discharge of the grand jury.

The conviction on count one for the 1963 contempt is affirmed. Randazzo was sentenced to concurrent sentences of one year each on the two counts. Under the concurrent sentence doctrine, we need not and do not reach Randazzo's contentions as to the conviction on count two for the 1966 contempt.[4] See United States v. Varner, 5 Cir. 1971, 437 F.2d 1195; United States v. Bigham, 5 Cir. 1970, 421 F.2d 1344; United States v. Barsaloux, 5 Cir. 1969, 419 F.2d 1299.

Affirmed.

GEWIN, Circuit Judge (concurring specially):

I concur in the result reached by the majority of the en banc court, although I believe the result is reached for the wrong reasons. As the majority indicates, whether Randazzo's conviction is affirmed on count one for the alleged 1963 contempt or on count two for the alleged 1966 contempt is not of great practical importance in view of the concurrent sentence doctrine.

The statute of limitations may not be applicable to the alleged 1963 contempt, but in any event it is not of primary importance as indicated in note one of my dissent from the original panel opinion. I would much prefer to deal with the 1966 episode and avoid issues related to speedy trial, the statute of limitations and claims of double jeopardy, although none of these questions considered separately or jointly should control the final decision in this case.

---

3.  The 1963 and 1969 contempt proceedings, both for refusal to answer questions before a grand jury in 1963, were docketed as a single case by the district court. Only the application for an immunity order was separately docketed. Furthermore, the 1963 and 1969 show cause orders contained identical language as to the 1963 offense.

4.  We do not decide whether the 1966 conviction placed Randazzo in double jeopardy, whether Randazzo was denied his right to speedy trial as to the 1966 contempt, and whether the conviction was barred by Yates v. United States, 1957, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95.

In my original dissent I undertook to analyze the pertinent facts presented by the record before us in light of Yates v. United States, 355 U.S. 66, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957). In my opinion it would be more appropriate to dispose of this case under the teachings and rationale of that case.

JONES, Circuit Judge (dissenting):

I adhere to the opinion and decision of the panel and therefore dissent.