**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4835**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHONATE HEMBY-BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge. (CR-04-26-FL)

Submitted:  October 21, 2005          Decided:  November 15, 2005

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shonate Hemby-Brown appeals her conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371, 1344 (2000), and the 58-month sentence imposed. She contends on appeal that the indictment was defective for failing to name a federally insured financial institution as the entity that was defrauded and that her sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm Hemby-Brown's conviction, but vacate the sentence and remand to district court for resentencing.

Hemby-Brown was employed by Wireless Retail, a cellular phone store. In the course of her employment, Hemby-Brown had access to names, social security numbers, dates of birth, and bank account numbers for various customers of Wireless Retail. Hemby-Brown began to provide Levert Clarke with the personal information of Wireless Retail's customers. Clarke then used this information to establish fraudulent cellular phone accounts and to activate stolen cell phones either for his own use or to sell to others.

Clarke also shared the information received from Hemby-Brown with Deirdra Reid and Abraham Smith, who used the information in other fraudulent schemes. Specifically, the personal and financial information provided by Hemby-Brown was used to fraudulently activate lines of cellular phone service, obtain

credit cards, purchase several vehicles, rent an apartment, and purchase and obtain financing for a house.

A presentence report was prepared, noting that Hemby-Brown's base offense level was 6. U.S. Sentencing Guidelines Manual § 2B1.1 (2002). With a loss amount over $400,000, 14 levels were added. USSG § 2B1.1(b)(1)(H). Two additional levels were added based on the number of victims of the offense and another two for the unauthorized transfer and use of another individual's identification to produce another means of identification. USSG § 2B1.1(b)(2)(A), (b)(9)(C)(i).

At sentencing, Hemby-Brown objected, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), to any enhancement of her sentence based on facts not found by a jury or admitted by her. The court overruled the objections and found that her offense level was properly computed to be 24. With a criminal history category of II, Hemby-Brown's guideline range was 57 to 60 months. USSG Ch. 5 Pt. A (Sentencing Table); see 18 U.S.C. § 371.

The court imposed a 58-month sentence. In accordance with this court's decision in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005), the court also imposed an alternate sentence of 50 months pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005).

Hemby-Brown first challenges the sufficiency of the indictment under <u>Booker</u>. She asserts that FSB Funding — the only financial institution identified in the indictment with respect to the bank fraud charge — was not insured by the Federal Deposit Insurance Corporation ("FDIC"). Thus, she asserts that the indictment would not support a bank fraud conviction, and she could not have committed the federal crime of conspiracy to commit bank fraud. Hemby-Brown asserts that her conviction is invalid.

Because she raises this issue for the first time on appeal, we review for plain error. <u>See</u> <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002) (providing standard). Hemby-Brown has not shown plain error. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Notably, post-judgment challenges to the sufficiency of an indictment are reviewed liberally, indulging "every intendment . . . in support of the sufficiency." <u>United States v. Fogel</u>, 901 F.2d 23, 25 (4th Cir. 1990) (quoting <u>Finn v. United States</u>, 256 F.2d 304, 306-07 (4th Cir. 1958)). An indictment will be deemed sufficient if it identifies the elements of the offense and informs the defendant of the charges against him so that he can prepare his defense and be protected against double jeopardy. <u>See</u> <u>United States v. Jackson</u>, 327 F.3d 273, 290 (4th Cir. 2003). Here, the indictment adequately alleged the elements of a conspiracy under § 371. <u>See</u> <u>id.</u>; <u>United States v. Ellis</u>, 121 F.3d 908, 922 (4th Cir. 1997) (providing elements).

Moreover, the uncontroverted evidence at trial was clearly sufficient to prove that Hemby-Brown conspired to defraud financial institutions that were FDIC-insured. For example, several vehicles were purchased by using information provided by Hemby-Brown to obtain financing from Wachovia Bank, First Citizen's Bank, and Chase Manhattan Bank, all FDIC-insured. See United States v. Janati, 374 F.3d 263, 270 (4th Cir. 2004) (holding that government may prove facts outside the overt acts alleged in the indictment). We therefore affirm Hemby-Brown's conviction.

Hemby-Brown also argues on appeal that her sentence is unconstitutional because it was enhanced based on the district court's factual findings as to the amount of loss, the number of victims, and the use of the identification of others in the production of other means of identification. Because Hemby-Brown preserved this issue by objecting at sentencing to the presentence report based upon Blakely, we review this issue de novo. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (stating standard of review). The challenged factual findings by the district court judge resulted in the enhancement of Hemby-Brown's sentencing range under the guidelines as mandatory from 1 to 7 months at base offense level 6, to 57 to 60 months at adjusted offense level 24.

In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme — which provided for

sentencing enhancements based on facts found by the court — violated the Sixth Amendment. Id. at 746. The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746, 756-57. In light of the ruling in Booker, we find that the district court conducted impermissible fact finding in determining Hemby-Brown's sentence in violation of the Sixth Amendment.[1] Accordingly, we vacate Hemby-Brown's sentence and remand this case to the district court for resentencing.[2] See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 764-65, 767).

Accordingly, while we affirm Hemby-Brown's conviction, we vacate her sentence and remand for resentencing. We dispense with

---

[1]As we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Hemby-Brown's] sentencing." See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>