Francis J. **HILDERBRAND**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15623.

United States Court of Appeals Ninth Circuit.

Nov. 5, 1958.

Totton P. Heffelfinger, II, Kenneth F. Phillips, San Francisco, Cal., for appellant.

Charles P. Moriarty, U. S. Atty., Raymond A. Reiser, Asst. U. S. Atty., Seattle, Wash., Robert Schnacke, U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, Chief Judge, DENMAN, Senior Circuit Judge and POPE, Circuit Judge.

DENMAN, Senior Circuit Judge.

Francis J. Hilderbrand, hereafter appellant, appeals from a denial by the District Court for the Western District of Washington of his motion under 28 U.S. C. § 2255 to vacate judgment.

On August 16, 1952, upon a plea of guilty, appellant was convicted of second degree murder under 18 U.S.C. § 1111 by the United States District Court for the Western District of Washington. He was sentenced to serve thirty-five years in a federal penitentiary. The one-count indictment under which appellant was convicted, the sufficiency of which he now challenges, stated:

"That on or about June 15, 1952, at or near St. Joseph's Church, on the Slater Road, *in the Northern Division of the Western District of Washington,* and *on lands acquired for the use of the United States, and under the exclusive jurisdiction of the United States,* to-wit, within the *Lummi Indian Reservation,* Francis J. Hilderbrand did willfully, deliberately, maliciously and with premeditation, stab and murder Robert J. Kelly, a human being, with a knife. All in violation of Title 18 U.S.C. § 1111." (Emphasis added.)

On March 4, 1957, appellant initiated the instant proceeding under § 2255. Appellant alleged that the federal court lacked jurisdiction because the crime had been committed on property which had been transferred out of Indian ownership, and thus out of federal jurisdiction, to the Catholic Church.

On appeal from denial of his motion, the present counsel were appointed by this court to represent appellant, which they have done very ably. These counsel contend for a reversal on a different ground, not presented to the court below. It is that the federal court lacked jurisdiction over appellant because the indictment, supra, failed to allege that appellant was an Indian. Counsel urges that on this ground the conviction should either be reversed or the case remanded to permit appellant to amend his motion by alleging that neither he nor the deceased were Indians maintaining tribal relations.

I.  Jurisdiction of Federal Courts Over Crime Committed By A Non-Indian Against A Non-Indian.

The controlling jurisdictional statute is 18 U.S.C. § 1152:

"* * * the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States * * * shall extend to the Indian country."

This statute was construed by the Supreme Court in United States v. McBratney, 1881, 104 U.S. 621, 26 L.Ed. 869, as depriving the federal courts of criminal jurisdiction over offenses involving non-Indians and occurring on Indian reservations unless through treaty or enabling act the United States reserved to itself sole and exclusive jurisdiction over such reservations. The court in that case examined the treaty which established the Ute Reservation in Colorado and the enabling act under which Colorado became a state, and it concluded that such exclusive jurisdiction was not thereby reserved to the federal courts. It stated, 104 U.S. at page 626, that: "Whenever, upon admission of a State into the Union, Congress has intended to exempt out of it an Indian reservation, or the sole and exclusive jurisdiction over that reservation, it has done so by express words," and indicated an unwillingness to deprive the state courts of jurisdiction in the absence of a clear showing of such Congressional intent.

In Draper v. United States, 1896, 164 U.S. 240, 17 S.Ct. 107, 108, 41 L.Ed. 419, the Court dealt with the same question (murder of non-Indian by non-Indian on reservation, defense of no jurisdiction in federal courts), arising in the Crow Reservation in Montana. In spite of the strong language of the Montana enabling act: " * * * *Indian lands shall remain under the absolute jurisdiction and control of the Congress of the United States*", the court held that the act did *not* reserve criminal jurisdiction to the federal courts. It stated, 164 U.S. at page 244, 17 S.Ct. at page 108, that, "As equality of statehood is the rule, the words relied on here to create an exception cannot be construed as doing so, if, by an reasonable meaning, they can be otherwise treated." Since this same enabling act (25 Stat. 676) brought the State of Washington, involved in the instant case, into the Union, the Draper case's interpretation of that statute appears dispositive of the question raised in the instant case. The federal courts do *not* have jurisdiction of Washington intra-reservation crimes involving non-Indians.

There is no merit to appellee's contention that the Draper decision was affected by the act of Congress in 1953 providing that

"Sec. 7. The consent of the United States is hereby given to *any other State not having jurisdiction* with respect to criminal offenses or civil causes of action, or with respect to both, as provided for in this Act, to assume jurisdiction at such time and in such manner as the people of the State shall, by affirmative legislative action, obligate and bind the State to assumption thereof." Chapter 505, Public Law 280, 67 Stat. 588, 590, August, 1953, 28 U.S.C.A. § 1360 note. (Emphasis supplied.)

The State of Washington then had that jurisdiction as appearing in the many decisions of the Supreme Court exercising that jurisdiction.

The appellee's contention is in effect that the Supreme Court erred in the Draper decision and that we should overrule it despite the number of states in which the criminal jurisdiction has been exercised in reliance upon it.

II. Procedural Difficulties.

Consideration of the merits of appellant's challenge to the jurisdiction of the federal courts is complicated by the somewhat tortuous procedural route by which the case has arrived at this court. The procedural difficulties which might bar a determination on the merits are as follows: (A) Appellant pleaded guilty at trial. Appellee urges that by this guilty plea he waived all objections to jurisdiction and to jurisdictional flaws in the indictment. (B) The primary point now urged on appeal was not raised below.

A. Did Appellant's Guilty Plea Foreclose A Subsequent § 2255 Motion Challenging The Failure Of The Indictment To Allege Jurisdictional Facts?

It should be noted preliminarily that lack of jurisdiction in the sentencing court is one of the express statutory grounds for a § 2255 motion to vacate,

28 U.S.C. § 2255. Thus it cannot be seriously argued, although appellee purports to do so, that if appellant had pleaded "not guilty" he would hereafter be unable to raise the jurisdictional issue on such a motion. The gist of appellee's argument is that by his plea of *guilty* appellant prevented introduction of evidence which might have cured the defective indictment.

■ Judge Murrah of the Tenth Circuit stated the applicable rule in Marteney v. United States, 1954, 216 F.2d 760, 762: "If * * * it affirmatively appears on the face of the indictment or information that no federal offense was committed, the charge is vulnerable to collateral attack by a motion under Section 2255 * * *. And this is so even in the face of a guilty plea, for one cannot plead guilty to an offense which is not affirmatively stated in the charge." See also Berg v. United States, 9 Cir., 1949, 176 F.2d 122. The rule seems clearly established.

That the federal courts have no jurisdiction over a crime committed on a Washington Indian Reservation unless it involves an Indian has been discussed above. The indictment did not allege that appellant or the victim of the accused was an Indian. It thus failed to state that any basis for federal jurisdiction existed in this case, and is properly attacked by a motion to vacate sentence under § 2255.

**B. Does Appellant's Failure To Raise The Point Below Preclude This Court From Considering It?**

■ Reviewing on appeal the denial of a § 2255 motion, the Eighth Circuit held that an alleged defect in an indictment, although "this question was never presented to the court below, * * * relates to the jurisdiction of that court [below] and is a question which this Court properly may consider." Martyn v. United States, 8 Cir., 1949, 176 F.2d 609, 610. This seems a sound ruling. Whether the indictment states a federal offense is a question of law which this court can adequately decide from the face of the indictment. While this precise ground for attacking the jurisdiction of the lower court has not been urged before, the present motion *was* based on lack of jurisdiction appearing on the face of the indictment. The attention of the lower court was therefore directed to the indictment. Thus the ground for reversal urged now is at least of the same general nature as that urged below. At any rate, the defect appears so clearly on the face of the indictment that it seems only just for this Court to consider it.

The judgment against Hilderbrand is ordered set aside and his indictment by the United States District Court is ordered dismissed.