**Gilberto Estrada PALMA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17120.**

United States Court of Appeals
Fifth Circuit.

Nov. 26, 1958.

Joseph A. Calamia, El Paso, Tex., for appellant.

Robert S. Pine, El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex.; for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

Charged with a violation of 18 U.S.C. § 1407, in that on or about April 19, 1957, in El Paso County, Texas, within the El Paso Division of the Western District of Texas, Gilberto Estrada Palma, being a citizen of the United States who is addicted to and uses narcotic drugs, as defined by Section 4731 of Title 26 United States Code, entered into the United States of America at El Paso, Texas, which is a port of entry and border customs station, without registering with a customs official, agent or employee, in compliance with rules and regulations as prescribed by the Secretary of the Treasury. of the United States, defendant moved to dismiss the indictment, and, the motion denied, was tried by the Court sitting without a jury. At the conclusion of the evidence, which came in without dispute and which, if the statute is not subject to the attacks upon its constitutionality, authorized the judgment and sentence, appellant moved for a judgment of acquittal on the grounds [1] contained in

---

1. These in substance are: that the statute and regulations made pursuant thereto are unconstitutional, null and void in that they (a) compel him to incriminate himself in violation of his constitutional rights under the Fifth Amendment to the United States Constitution; (b) subject him to unreasonable searches and seizures in violation of his rights under the Fourth Amendment to the United States Constitution; (c) unreasonably deprive him of his right to personal and civil liberty in violation of his rights under the Fifth Amendment to the United States Constitution; (d) are arbitrary and unreasonable in classification as to

his motion to dismiss the indictment earlier filed.

The court overruled the motion and, finding appellant guilty as charged, sentenced him to serve a term of two years, and defendant is here seeking a reversal of the judgment upon the grounds urged below.

Citing United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, the Government insists that, by failing to claim any constitutional privilege to which he may have been entitled at the time he was about to leave or enter the United States, appellant cannot now be heard to complain that he has been deprived thereof. In addition, pointing out that all of the grounds of attack upon the statute, which appellant makes here, were made and upon careful and full consideration rejected in the decision and opinion of the United States District Court for the Southern District of California, James M. Carter, Judge,[2] and were again considered and rejected in the Court of Appeals for the Ninth Circuit in Reyes v. United States and Perez v. United States, 258 F.2d 774,[3] insists that appellant's contentions are without merit and the judgment must be affirmed.

We agree with the United States that the statute and regulations are not subject to the attacks leveled against them and that the opinions above averted to correctly state and apply the governing principle. For the reasons and upon the considerations fully stated therein, the judgment in this case is affirmed.

deprive him of due process of law guaranteed to him by the Fifth Amendment to the United States Constitution; (e) fail to define a proper standard of guilt by being vague and indefinite, and are in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution; (f) in that they deprive the appellant of due process of law as applied to him, inasmuch as said statute does not afford appellant any notice of his duty to have to register as required by said statute; that under the stipulation entered into between counsel for appellant and counsel for the government, there is nothing to show that defendant knew or had the probability of knowing that he was required to register; and (g) that said statute violates the cruel and unusual punishment prohibition of the Federal Constitution and violates the due process clause in the Fifth Amendment of the United States Constitution, since there is entirely a cruelly disproportionate relation between what the law requires and the punishment for its disobedience.

2. United States v. Eramdjian, 155 F.Supp. 914.

3. Cf. United States v. Juzwiak, 2 Cir., 258 F.2d 844.