Roy A. SMITH, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19663.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 16, 1966.

Decided May 6, 1966.

Mr. John T. Miller, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Henry J. Monahan, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and David Epstein, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and McGOWAN, Circuit Judges.

BAZELON, Chief Judge:

Appellant was convicted of housebreaking and sentenced to imprisonment from two to eight years. Fourteen days after the jury announced its verdict, appellant filed, *pro se*, a motion for new trial on the basis of newly discovered evidence. The trial judge summarily denied this motion.

Appellant was convicted on the testimony of two police officers who testified that on December 21, 1964, they noticed a red Chevrolet convertible with white top "just driving around." They followed the car into a service station where both recognized appellant as one of the passengers. At about 10 a. m. the following morning, they noticed this car parked in front of an apartment house. Upon investigation, one officer encountered a man he identified as appellant who "had opened the door [of one of the apartments] and was coming out and pulled the door shut behind him." Both officers testified that appellant then got into the red Chevrolet and drove away. The officers subsequently discovered that the apartment appellant left had been forcibly entered and ransacked.

Appellant and his wife testified that they spent the morning of the 22d waiting for appellant's friend—the owner of the red Chevrolet—to return to his home so that they could borrow his car. At about noon, appellant and his wife allegedly left the house, appellant's friend not having returned.

One week before trial appellant filed an affidavit in support of his motion for issuance of subpoenas for two witnesses, alleging that they would testify "that I was not at the scene of the crime" and

that their evidence would prove "that I could not have committed the crime." One of the witnesses sought was the owner of the red Chevrolet. On the morning of trial, the trial judge, at the request of appellant's counsel, issued a forthwith subpoena against the owner of the car. The subpoena was returned with the notation "tried residence—no response" and the trial took place without either of appellant's witnesses testifying.

Two weeks after his conviction, appellant filed his *pro se* motion for new trial under Rule 33 alleging: "I have two whom I have just located. Who will testify and give my wife [sic] testimony more wait [sic] than the Court did. * * * I have informed my lawyer of this action and he failed to reply to any of my letters." From the record it appears that the motion was denied without further inquiry on the same day.

A trial judge is not required in every case to hold a hearing before ruling on a motion for new trial.[1] Nor will denial of such a motion be disturbed on appeal except for an abuse of discretion or an erroneous application of law.[2] The Supreme Court has stated:

> While the appellate court might intervene when the findings of fact are wholly unsupported by evidence, * * * it should never do so where it does not clearly appear that the findings are not supported by any evidence. [United States v. Johnson, 327 U.S. 106, 111–112, 66 S.Ct. 464, 466, 90 L.Ed. 562 (1946).]

But this limited review requires in this case a record upon which such review can be had. The record does not show who appellant's witnesses were or what led the trial judge to deny appellant's motion without further inquiry. Appellant was then proceeding *pro se*. Moreover on the basis of representations to us by counsel appointed by this court, after investigation by him, it clearly appears that the case should be remanded to the trial court[3] for a consideration de novo of appellant's motion.[4]

So ordered.

---

1. Ewing v. United States, 77 U.S.App.D.C. 14, 19, 135 F.2d 633, 638 (1942), cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L. Ed. 1145 (1943); Lyles v. United States, 272 F.2d 910, 912 (5th Cir. 1959).

2. Thompson v. United States, 88 U.S.App. D.C. 235, 188 F.2d 652 (1951); McDonnel v. United States, 81 U.S.App.D.C. 123, 155 F.2d 297.

3. The writer of this opinion would remand without resort to the representations of counsel.

4. Appellant also urges reversal on the grounds that instructions given were erroneous and he was denied his sixth amendment right to compulsory process. Since a new trial may be granted, and these claims may not arise again, we do not consider them now. We are constrained, however, to caution the government concerning its use of appellant's police record to establish a prior conviction which was later reversed on appeal.