**UNITED STATES of America**

v.

**Randolph Erwin ROSENSON.**

Crim. A. No. 30448.

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 16, 1968.

868

Louis C. LaCour, U. S. Atty., Harry Connick, Asst. U. S. Atty., New Orleans, La., for the United States.

G. Wray Gill, Sr., George M. Leppert, New Orleans, La., Camille F. Gravel, Jr., Gravel & Doggett, Alexandria, La., for defendant.

HEEBE, District Judge:

After his trial by the Court without a jury on July 20, 1967, the defendant was found guilty on October 11, 1967, of all three counts in an indictment, each count of which charged him with violating 18 U.S.C. § 1407.[1] A pre-sentence

---

1. Count I charges: "On or about December 28, 1965, in the Eastern District of Louisiana, RANDOLPH ERWIN ROSENSON, being a citizen of the United States and after having been convicted of a narcotic violation, i. e., violation of Louisiana Revised Statutes of 1950, Title 40, Section (27) 962, attempted possession of narcotics, the penalty for which was imprisonment for more than one year, did unlawfully depart from the United States through the Port of New Orleans, Louisiana, a port of departure, without registering with a Customs Official, agent or employee at such port under rules and regulations prescribed by the Secretary of the Treasury, that is, Title 19, Code of Federal Regulations, Section 23.9a. All in violation of Title 18, United States Code, Section 1407."

Count II charges: "That on or about January 1, 1966, in the Eastern District of Louisiana, RANDOLPH ERWIN ROSENSON, being a citizen of the United States and after having been convicted of a narcotic violation, i. e., violation of

investigation was ordered, and sentencing was set for January 24, 1968, but was continued to February 21, 1968, and then to April 3, 1968, on defendant's motions. On April 3, 1968, prior to sentencing, the defendant filed a motion for a new trial and a motion in arrest of judgment. Sentencing was again continued pending the determination of these motions. Prior to oral argument on the defendant's motions, the government moved to dismiss those motions. Oral argument was held on the government's motion and the defendant's opposition thereto, and the matter was submitted.

F.R.Crim.P. 33 governs motions for new trials and provides:

"A motion for a new trial based on any other grounds [other than newly discovered evidence] shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period."

F.R.Crim.P. 34 governs motions in arrest of judgment and provides:

"The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty or *nolo contendere*, or within such further time as the court may fix during the 7-day period."

F.R.Crim.P. 45(b) governs enlargement of time and provides:

"[T]he court may not extend the time for taking any action under Rules * * * 33, 34 * * * except to the extent and under the conditions stated in them."

The government argues that since we granted no extension of time within the seven-day time limit, the motions are untimely filed and should not be heard. A host of decisions abiding by the strict time limitations set forth in the rules are cited by the government in support of its argument. The government's contention is correct. A motion for new trial and a motion in arrest of judgment must be filed within seven days after verdict or finding of guilty.

However, it is also settled that the substance of the pleadings and not their labels are controlling. Marteney v. United States, 216 F.2d 760 (10th Cir. 1954). Cf. Johnson v. United States, 344 F.2d 401 (5th Cir.1965); Scarponi v. United States, 313 F.2d 950 (10th Cir.1963). This principle is a recurrent theme permeating all areas of the law and is not open to quarrel. Under this doctrine the substance of a pleading governs its consideration, and if a pleading is mislabeled, the misnomer will be ignored. Thus, if the substance of the defendant's motions reveals that they are not motions for new trial or arrest of judgment, the time limitations of Rules 33 and 34 have no application. Hence, we turn as we must to the substance of the defendant's motions.

We pause only to quote the pertinent provisions of 18 U.S.C. § 1407.

"[N]o citizen of the United States * * * who has been convicted of a

---

Louisiana Revised Statutes of 1950, Title 40, Section (27) 962, attempted possession of narcotics, the penalty for which was imprisonment for more than one year, did unlawfully return to and enter into the United States at the Port of New Orleans, Louisiana, a port of entry, without registering with the Customs Official, agent or employee at such port of entry as required by law, that is, Title 19, Code of Federal Regulations, Section 23.9a. All in violation of Title 18, United States Code, Section 1407."
Count III charges: "That on or about January 1, 1966, in the Eastern District of Louisiana, RANDOLPH ERWIN ROS-

ENSON, being a citizen of the United States and after having been convicted of a narcotic violation, i. e., violation of Louisiana Revised Statute of 1950, Title 40, Section (27) 962, attempted possession of narcotics, the penalty for which was imprisonment for more than one year, did upon his return to the United States, unlawfully fail to surrender to a Customs Official, agent or employee the certificate required by law to be obtained by the said defendant upon leaving the United States as required by Title 19, Code of Federal Regulations, Section 23.-9a. All in violation of Title 18, United States Code, Section 1407."

violation of any of the narcotic or marihuana laws of the United States, or of any State thereof, the penalty for which is imprisonment for more than one year, shall depart from or enter into or attempt to depart from or enter into the United States, unless such person registers, under such rules and regulations as may be prescribed by the Secretary of the Treasury with a customs official, agent, or employee at a point of entry or a border customs station. Unless otherwise prohibited by law or Federal regulation such customs official, agent, or employee shall issue a certificate to any such person departing from the United States; and such person shall, upon returning to the United States, surrender such certificate to the customs official, agent, or employee present at the port of entry or border customs station."

The same four grounds are urged in support of both the motion for new trial and the motion in arrest of judgment. The first ground urged in support of the defendant's motions is that the indictment does not charge an offense. F.R.Crim.P. 12(b)(2) provides that the failure of an indictment to charge an offense may be raised *at any time* during the pendency of the proceedings. Thus, it is proper for the defendant to raise this issue at this time even though he does so by pleadings labeled as a motion for new trial and a motion in arrest of judgment. Finn v. United States, 256 F.2d 304 (4th Cir. 1958); Hotch v. United States, 208 F.2d 244, 14 Alaska 574 (9th Cir.1953); United States v. Holmes, 110 F.Supp. 233 (S.D.Tex.1953).[2]

However, while this contention may be properly raised at this time, it is totally without merit. The defendant contends that the indictment fails to state an offense because it alleges a conviction of Louisiana Revised Statutes 40:(27) (962) and that there is no such Louisiana statute. The defendant had actually been convicted under Louisiana Revised Statutes 14:27. While the indictment does erroneously cite the Louisiana statute under which the defendant was convicted, it is clearly nothing more than a technical defect which did not prejudice the defendant in any way. The indictment plainly sets out the nature of the Louisiana conviction in that it charges the defendant with having been convicted of attempted possession of narcotics under Louisiana law. The defendant was clearly apprised of the charge against him and was by no means surprised as evidenced by his defense of this prosecution and by the fact that he himself only discovered this technical error at this late date. The indictment also clearly acts as a bar to a subsequent prosecution for this offense. "The cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments, and, in many instances, made a mockery of simple justice, no longer governs their consideration. On the contrary, the trial court and this court [must] examine into, and determine, the validity of attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding." Parsons v. United States, 189 F.2d 252, 253 (5th Cir.1951). "The cases are unanimous in holding that merely technical defects are waived

---

2. We realize that Rule 12(b)(2) permitting the failure to state an offense and the lack of jurisdiction to be raised at any time during the pendency of the proceedings is at odds with Rule 34 which contains a seven-day time limitation on motions in arrest of judgment since such motions can be made only for the failure to state an offense or the lack of jurisdiction. This contradiction seems to render Rule 34 practically meaningless, at least prior to sentencing when the proceeding is still pending. Cf. 8 Moore, Federal Practice ¶ 12.03 [2]. However, in view of the large number of cases adhering to the more liberal provisions of Rule 12(b)(2) we have no hesitancy in applying that provision to this case irregardless of the conflict with Rule 34.

when no objection is made to them at trial." United States v. Laverick, 348 F.2d 708, 714 (3rd Cir.1965). The indictment here cannot be dismissed at this time merely because it did not correctly cite the Louisiana statute under which the defendant was convicted. United States v. Elade Realty Corp., 66 F.Supp. 630 (E.D.N.Y.1946), aff'd, 157 F.2d 979 (2d Cir.). It is, of course, proper for us to dispose of this contention at this time. Since a motion for new trial on the basis of newly discovered evidence may be disposed of without a hearing on the merits, Smith v. United States, 124 U.S.App.D.C. 57, 361 F.2d 74 (D.C.Cir.1966), it is obviously proper to dispose of an argument such as this one, which is patently untenable, in the same fashion. Therefore, we will not further consider on oral argument the defendant's first ground urged in support of his motions.

The defendant's second ground is that he was not convicted of any of the narcotic or marihuana laws of the State of Louisiana. The defendant was convicted of the general offense of an attempt to commit a crime which, he claims, is not a part of the narcotic or marihuana laws of Louisiana, which laws, he contends, are found in, and limited to, Title 40 of the Louisiana Revised Statutes. Therefore, he concludes one of the essential elements of 18 U.S.C. § 1407 is missing.

This argument is, in substance, a contention that the indictment fails to state an offense. It is elementary that an indictment must allege each element of the offense. The sufficiency of the indictment is a question of law which is determined from the face of the indictment. United States v. Lamont, 236 F.2d 312 (2d Cir.1956); Hilderbrand v. United States, 261 F.2d 354 (9th Cir.1958). The issue here is whether the description of the Louisiana conviction may be ignored as mere surplusage. If so, then there can be no infirmity in the indictment which, in other respects, tracks the language of the statute. However, an examination of the cases readily reveals that factual allegations, similar in nature to those in the present indictment, cannot be severed as surplusage. Marteney v. United States, 216 F.2d 760 (10th Cir.1954); United States v. Rider, 282 F.2d 476 (9th Cir.1960); United States v. Barnett, 258 F.Supp. 455 (M.D.Tenn.1965); United States v. Smith, 228 F.Supp. 345 (E.D.La.1964). "Words that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken out as surplusage." United States v. Root, 366 F.2d 377, 381 (9th Cir.1966). Here the indictment contains a critical description of the alleged narcotic violation conviction. It cannot be ignored as mere surplusage. Thus, the question is presented as to whether or not the indictment states an offense; more particularly whether or not attempted possession of narcotics is a violation of any of the narcotic or marihuana laws of the State of Louisiana. We do not attempt to resolve this issue at this time. We will await further briefing and argument on this point. At this time we are merely holding that the second ground urged in support of the defendant's motion is, in substance, a claim that the indictment fails to state an offense. Under F.R.Crim.P. 12(b)(2) this claim may be raised at any time, and under the *Finn, Hotch* and *Holmes* cases, supra, it may be raised even by pleadings entitled motion for new trial and motion in arrest of judgment.

We now proceed to the third and fourth grounds supporting the defendant's motions. The third ground is that 18 U.S.C. § 1407 is unconstitutional as violative of the Fifth Amendment's guarantee against self-incrimination. Closely related is the defendant's fourth ground in which he claims that the Fifth Amendment affords him a complete defense to a prosecution under this statute. The defendant relies on the recent Supreme Court decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88

S.Ct. 709, 19 L.E.2d 906 (1968), for both of these contentions.

■ It may well be that the third ground is tantamount to a claim that the indictment fails to state an offense, and thus falls within the purview of F.R. Crim.P. 12(b)(2). See, 2 Orfield, Criminal Procedure under the Federal Rules § 12:43; 8 Moore, Federal Practice ¶ 12.03 [2]. Regardless of this, however, the claim is totally without merit. In neither Marchetti nor Grosso nor in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), did the Supreme Court declare the statutes involved unconstitutional. In fact, in those cases the Supreme Court took pains to point out that they were not holding the statutes unconstitutional. Thus, we are still bound by the Fifth Circuit's decision upholding the validity of this statute against the charge that it violates the privilege against self-incrimination. Palma v. United States, 261 F.2d 93 (5th Cir.1958). See also, Reyes v. United States, 258 F.2d 774 (9th Cir.1958); United States v. Eramdjian, 155 F.Supp. 914 (S.D.Cal. 1957). Consequently, we will not further consider on oral argument the defendant's contention that 18 U.S.C. § 1407 is unconstitutional.

■ This leaves only the fourth and final ground urged in support of the defendant's motions. The defendant claims that the privilege against self-incrimination affords him a complete defense to a prosecution based on 18 U.S. C. § 1407. This cannot be construed as a motion in arrest of judgment. Only a claim that the indictment fails to state an offense or a claim that the court lacks jurisdiction will support a motion in arrest of judgment. United States v. Rosenberg, 195 F.2d 583 (2d Cir.1952); United States v. Lias, 173 F.2d 685 (4th Cir.1949). Nor is the defendant's contention a basis for a new trial. A mo-

tion for a new trial usually contests the correctness or propriety of matters concerning the integrity of the trial. The defendant here is not claiming error in the trial itself. He is not contending that his privilege was violated at the trial thereby rendering the trial defective. His contention is that the Fifth Amendment affords him a bar to any prosecution under 18 U.S.C. § 1407. As such, his defense falls within F.R.Crim. P. 12(b)(1). This rule governs the so-called "nonwaivable" defenses. 8 Moore, Federal Practice ¶ 12.03 [2].

The rules, however, do not state when the "nonwaivable" defenses *must* be raised.[3] Professor Moore states that because Rule 12(b)(2) permits lack of jurisdiction and failure to state an offense to be raised at any time during the pendency of the proceedings, "it may by negative implication be interpreted as foreclosing the other defenses if not raised during the trial itself." 8 Moore, Federal Practice ¶ 12.03 [2], p. 12–11. However, he cites no decision interpreting the rules to support this statement. Further, Rule 12(b)(3) specifically governs the time of making the motion asserting such defenses. It provides: "The motion shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter." We must, therefore, determine whether this motion was made within a reasonable time thereafter.

■ Reasonableness, of course, depends upon all of the circumstances surrounding the case. It is largely a factual question sprinkled with a measure of discretion. Ordinarily, we would agree with the statement of Professor Moore that such defenses can be timely raised no later than during the trial itself. Our reason would not be due to the negative implication which Professor Moore indicates might be drawn from

3. The "waivable" defenses involve defects in the institution of the prosecution or in the indictment and are governed by Rule 12(b)(2) which provides that such defenses, other than lack of jurisdiction or failure to charge an offense, are waived unless presented prior to trial or unless good cause exists which will excuse the waiver.

Rule 12(b)(2), but rather from the fact that it would be unreasonable pursuant to Rule 12(b)(3) to permit the defense to be raised any later. However, due to the special circumstances of this case, we conclude that the motion was made within a reasonable time thereafter.

Prior to January 29, 1968, the law in this circuit was clear. The privilege against self-incrimination did not bar a prosecution under 18 U.S.C. § 1407. Palma v. United States, supra. Until that date we were bound to adhere to the Fifth Circuit's decision in *Palma*. Consequently, it would have been useless for the defendant to have asserted the defense he now asserts. The law does not require useless acts. However, on January 29, 1968, the Supreme Court of the United States rendered the *Marchetti, Grosso*, and *Haynes* opinions. While those decisions did not involve the statute under present consideration, they did clearly enunciate principles which may be applicable to the present statute. They cast serious doubt upon the continued validity of the *Palma* decision insofar as it held that the privilege of self-incrimination may not be considered as a *defense* to a prosecution under 18 U. S.C. § 1407. The defendant, of course, had no way of knowing this prior to or during the trial. It would be unconscionable to now deny the defendant the opportunity to present this question for our consideration and to hold him guilty of a crime if his constitutional right was violated.

Logic and reason support our decision. A serious constitutional issue is at stake. The defendant's main obstacle in presenting this issue has been the quest for a proper procedural vehicle. There is no doubt that he would eventually obtain a hearing on this issue. He could undoubtedly appeal the case and raise it in the appellate court. Once a sentence of imprisonment was imposed, the defendant could bring a petition under 28 U.S.C. § 2255 raising this issue. United States v. Hamilton, 97 F.Supp. 123 (S.D.W.Va.1951). However, we can see no reason to compel these additional steps in order to grant the defendant an adjudication of his constitutional rights. Procedural technicalities are not to be used to deprive an accused of his vital constitutional rights unless the defendant deliberately abuses those rules. Cf. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).[4] This defendant did not. His motion was presented promptly after the recent Supreme Court decisions were discovered. We can ask no more of any defendant. Consequently, we hold that in view of the special circumstances in this case, the defendant's motion, which raises a defense under F.R.Crim.P. 12(b)(1), was presented within "a reasonable time thereafter." The fact that the motion was mislabeled as a motion for new trial or arrest of judgment does not preclude our consideration of it at this time.

In accord with the foregoing opinion, IT IS THE ORDER OF THE COURT that the government's motion to dismiss the defendant's motions for new trial and arrest of judgment be, and the same is hereby, GRANTED as to the first and third grounds urged in support of those motions, and DENIED as to the second and fourth grounds. Accordingly, IT IS THE FURTHER ORDER OF THE COURT that the defendant's opposition to the government's motion to dismiss be, and the same is hereby, DENIED as to the first and third grounds urged in support of the defendant's motions for new trial and arrest of judgment, and GRANTED as to the second and fourth grounds. IT IS THE FURTHER ORDER OF THE COURT that a hearing

---

4. For examples of other cases in which procedural niceties gave way in the face of constitutional questions, see Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Williams v. Peyton, 372 F. 2d 216 (4th Cir. 1967); Mathis v. United States, 369 F.2d 43 (4th Cir. 1966); Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965).

on the second and fourth grounds supporting the defendant's motions be, and the same is hereby, SET for 2:00 P.M. on Wednesday, September 18, 1968.

The defendant has already submitted his brief on the two remaining issues. However, in light of the several opinions which have been rendered by various courts since the *Marchetti* and *Grosso* decisions, and particularly the Fifth Circuit's decision in Leary v. United States, 392 F.2d 220 (5th Cir.1968), and its effect on the fact that the defendant Rosenson testified at the trial, we invite the defendant to submit an additional brief on either or both of the remaining issues no later than August 30, 1968. We also invite the defendant to brief in his supplemental memorandum the issue, if any, of the retroactive application of the recent Supreme Court decisions to this case which was tried on July 20, 1967. The government's brief in response to the defendant's original and any supplemental brief will be due no later than September 13, 1968.