UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward G. TIMMONS, Defendant-
Appellant.

No. 29152.

United States Court of Appeals,
Fifth Circuit.

March 16, 1971.

J. Frank Gibson (argued), of Gibson & Gibson, Phoenix, Ariz., for defendant-appellant.

Morton Sitver, Asst. U. S. Atty. (argued), Richard K. Burke, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHAMBERS, MERRILL and HUFSTEDLER, Circuit Judges.

William W. Allen, court appointed, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Malcolm R. Dimmitt, James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, INGRAHAM and WILKEY,* Circuit Judges.

PER CURIAM:

The parties will be referred to herein as in the court below. The defendant was charged by indictment with a violation of 18 U.S.C.A. § 1407, in that, being a citizen of the United States who previously had been convicted of a narcotics violation (the penalty for which exceeded one year), he departed the continental limits of the United States without having registered with Customs officials, as required by said statute. The defendant, having waived trial by jury, was tried by the court without a jury.

The appeal is based solely on the premise that the trial court erred in failing to grant the defendant's motion to dismiss the indictment on the ground that had this defendant complied with Title 18, United States Code, Section 1407, and registered his departure from the United States at the Border Customs Station at Laredo, Texas, he would have been forced to incriminate himself and subject himself to prosecution and/or parole revocation for violation of the conditions of his parole with the Adult Parole Department of Corrections in California and been liable to a penalty of from one year to life in the state penitentiary.

We agree with the district court's memorandum opinion, which is appended hereto.

The efforts of defendant to analogize his case with Leary v. U. S., 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and related cases, must fail. Leary successfully claimed that to pay the transfer tax upon all transfers of marihuana then in his possession and to effect the written order forms required would reveal him as a person then in violation of law and thus violate his Fifth Amendment rights against self-incrimination. Not so in the case at bar. Defendant Timmons did not stand at the border as one guilty of an undetected crime. What he did was done willfully and with premeditation. Registration under the statutes does not imply or reveal that the registrant is engaged in illegal or unlawful activity. It does not imply or reveal, as in the *Leary* case, that the registrant is then in violation of law. He is not required to cross the border, but if he does he is required to register, which, again, does not imply or reveal guilt. The conditions of his parole in California in no way relate to registration or failure to register.

The judgment of the district court is affirmed.

APPENDIX

MEMORANDUM:

The defendant is charged by indictment with a violation of § 1407 of Title 18 U.S.C.A. in that, being a citizen of the United States who previously had been convicted of a narcotic violation (the penalty for which exceeded one year), he departed the continental limits of the United States without having registered with Customs officials, as required by said statute. A jury having been waived, the matter was heard to the Court.

All of the facts are stipulated. The defendant concedes all of the elements of the offense, and in fact admits his guilt

---

* Of the District of Columbia Circuit, sitting by designation.

save for the single point which he advances, namely his Fifth Amendment defense and the contention that to register would have been incriminating.

He has been represented by able and, as will appear hereafter, ingenious appointed counsel. No doubt aware that the constitutionality of the statute in question has been sustained against Fifth Amendment attacks on many occasions [Palma v. United States, 261 F.2d 93 (5th Cir. 1958); United States v. Erandjian, 155 F.Supp. 914 (D.C. Cal.); Reyes v. United States, 258 F.2d 774 (9th Cir. 1958); Allen v. Meier, 374 F.2d 447 (9th Cir. 1967); and see Adams v. United States, 299 F.2d 327 (9th Cir. 1962); Rodriquez v. United States, 292 F.2d 709 (5th Cir. 1961); Lopez v. United States, 370 F.2d 8 (5th Cir. 1966)], counsel argues that the Fifth Amendment claim should be sustained *as to this defendant.* It appears that in addition to the narcotics conviction the defendant was convicted and sentenced by a California state court to a life term in 1960; that after serving a portion of the sentence, he was placed on parole and has enjoyed parole status since that date; that one of the conditions of his parole was that the defendant would not leave the continental limits of the United States. Thus it is argued that registration under § 1407 would have placed this defendant in jeopardy of having his parole revoked and a loss of his freedom.

No case has come to my attention wherein a parolee has advanced this Fifth Amendment contention. I should find it difficult to believe, however, that a criminal statute valid as to all other persons within its terms was invalid as to parolees who at the moment were enjoying benefits of that status.

I think, however, the complete answer to the defendant's contention is factual, not legal. It was his act in departing the continental limits which jeopardized his parole status, not his registering as required by statute. In fact he did not register, and his parole status is presently in jeopardy. Had he registered he would be in no worse condition insofar as California authorities may be concerned than he is now. The argument is ingenious but unavailing.

I find the defendant guilty as charged.

The above is adopted as Findings of Fact and Conclusions of Law. The clerk will file the same and furnish copies to counsel.

Done at Laredo, Texas, this 17th day of January, 1970.

> BEN C. CONNALLY
> United States District Judge