John Otis SUMRALL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25064.

United States Court of Appeals Fifth Circuit.

June 19, 1968.

Rehearing En Banc Denied Aug. 6, 1968.

Certiorari Denied Dec. 9, 1968.

See 89 S.Ct. 467.

---

Jonathan Shapiro, Jackson, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

COLEMAN, Circuit Judge:

A jury convicted John Otis Sumrall of refusing to report for and submit to induction into the Armed Services of the United States, in violation of Section 462, Title 50 App., U.S.C.A. He appeals, and we affirm.

Appellant was born December 28, 1945, and registered with Selective Service on December 30, 1963. He was first classified as a high school student (L-SH). Thirteen months later he was re-classified 1 A. There was never any appeal, or attempt to appeal, from this classification.

On appeal to this Court Sumrall concedes (Brief, p. 34), "Appellant did not challenge his classification and the classification had no bearing on the case". Nearly all of the reported litigation involving draftees has centered around classification, such as that the registrant

was a bona fide minister of some religion or was a conscientious objector. Here we are presented with the odd situation of a registrant admitting his 1 A status but nevertheless asserting that he had a right to refuse induction.

█ It was argued below and it is argued here that since there were no Negroes on the local board it was without jurisdiction and the induction order was void. This contention was settled in Clay v. United States, 5 Cir., 397 F. 2d 901 [May 6, 1968].[1]

█ His second defense was that he could not be subjected to induction by the dismissal of misdemeanor charges pending against him at various intervals prior to his final refusal to step forward and take the oath. This is likewise without merit.

Army Regulations, AR 601–270, Paragraph 23, Moral Standards, provide, in pertinent part:

"Men who have criminal charges filed or pending against them alleging a violation of a State, Federal, or territorial statute are unacceptable * *. Waivers will not be granted in these instances."

We emphasize that this is an Army Regulation, not a Selective Service regulation or statutory provision.

Twenty-one months after registration, September, 1965, appellant was first ordered to report for a pre-induction physical examination. He was then in New York, so arrangements were made by the local board to allow him to report in that State. If examined there he nevertheless returned to Mississippi on October 11, 1965.

On December 23, 1965, two years after registration, Sumrall was ordered to report for induction on January 10, 1966. He was not then inducted because of a pending disorderly conduct charge arising out of the picketing of a supermarket in Meridian. This charge was dismissed on June 16, 1966.

He was then notified July 27, 1966, to report on August 8. This was postponed because of a pending appeal from a justice of the peace conviction on July 13, 1966, for refusing to obey an officer and another pending charge of having discharged a firearm within the corporate limits of a municipality.

Prior to September 19, 1966, these charges were dismissed but when Sumrall reported on that day he was granted another postponement because there were then charges pending against him for assault and battery, using profane language, and obstructing justice, all arising out of a civil rights demonstration. On September 26, 1966, these charges were dismissed.

On February 22, 1967, moral waivers were cleared by the Army.

On May 1, 1967, Sumrall was notified to report for induction on May 8, 1967. There were then no pending misdemeanor charges.[2] Moral waivers by the Army had been granted. On May 10, with his attorneys present, appellant twice refused to step forward and be inducted. On advice of counsel, he declined to give a written statement of his reasons for this refusal. He was indicted on July

1. On November 14, 1966, appellant filed a civil action [Sumrall v. Kidd, No. 4041, S.D., Miss.] seeking to enjoin his induction on the ground that Negroes had been systematically excluded from service on all draft boards in Mississippi. The District Court denied a temporary injunction and a panel of this Court denied an injunction pending appeal.

Sumrall took the witness stand in his own defense. He testified that he would have been refused induction if Negroes had been on the draft board and if there had never been any criminal charges pending against him.

2. Appellant emphasizes the provisions of the Army Regulations, supra, that defendants who are released from charges "on condition that they will apply for and are acceptable for induction into the Armed Forces are unacceptable" and then points to the mention of such conditions prior to dismissal. Sumrall did not apply for induction.

3. His trial began on July 17. Upon conviction he was sentenced to serve five years in the custody of the Attorney General and to pay a fine of $2,500.

In addition to the racial exclusion plea already referred to, the plea in the District Court was that the order of induction was arbitrary, capricious, discriminatory, and void because an appeal agent for the local Selective Service Board, *who was also city attorney,* dismissed some of the pending misdemeanor charges and caused the dismissal of others.

Aside from the question of how far a registrant as a defense in a criminal prosecution may collaterally attack the validity of pre-induction proceedings, Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), we are of the view that Sumrall here had no right to complain of the dismissal of the misdemeanor charges. He had no right thereafter to use that complaint as a legal defense for his refusal to be inducted. The prosecuting authorities had the clear right, in their discretion, to dismiss the charges, United States v. Cox, 5 Cir., 1967, 342 F.2d 167, cert. denied sub nom. Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).

There is no contention that Sumrall was ordered inducted prematurely or out of his regular turn. When the misdemeanor charges went out of existence the Army Regulation lost its applicability. Appellant thereafter stood subject to the same military obligation required of any other law abiding citizen.

Moreover, we hold that no registrant has any right, statutory or Constitutional, to have misdemeanor charges kept alive solely in order that he might escape an induction into the Armed Services to which he would otherwise be liable. For this reason we regard it as entirely immaterial that the city attorney may have dismissed and/or caused the dismissal of these misdemeanor charges, and this is so regardless of whether he knew that such would render the appellant liable to military service. He was not acting in his capacity as an appeal agent. No appeal was pending. If there had been, the agent owed an equal duty to the government and was not obligated to assist Sumrall in avoiding service by continuing to get himself saddled with misdemeanor charges.

We note *in passim* that all these charges grew out of civil rights activities and most likely were void in any event. For example, the city attorney testified that after a trial of the firearms charge he recommended a verdict of not guilty because the evidence did not support a conviction.

Appellant alleges numerous procedural and evidential errors in the trial below, including erroneous instructions to the jury and the denial of a continuance. We find no substance in these contentions. Nor can we interfere with a sentence imposed within lawful limits.

Affirmed.

## ON PETITION FOR REHEARING EN BANC

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25 (a), subpar. (b), the Petition for Rehearing En Banc is denied.