Cleveland Louis SELLERS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 26108.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1969.

Rehearing and Rehearing En Banc
Denied March 17, 1969.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BELL and COLEMAN, Circuit Judges, and HOOPER, District Judge.

PER CURIAM:

Appellant was convicted of failing to comply with an order of his local Selective Service Board to report for and submit to induction into the Armed Forces of the United States, in violation of 50 Appendix U.S.C. § 462. We affirm.

It is contended that the indictment should have been dismissed because, allegedly, (1) induction into the armed forces would compel Sellers to participate in the commission of crimes against international peace and security and the commission of war crimes in violation of international law; (2) there was invidious discrimination in the composition of the draft board; (3) there was racial discrimination in the composition of juries in the district in which the case was tried; and (4) the Universal Military Training and Service Act is unconstitutional.

In a companion case, Simmons v. United States [January 9, 1969, 406 F.2d 456] these exact contentions were thoroughly considered and rejected.

It is further asserted that the attempted induction was invalid because the physical examination was incomplete, i. e. there was no audiometer test or mental test. The record, however, contains documentary evidence to the contrary.

It is additionally argued that moral waivers from civilian authorities had not been obtained, AR 601–270, para. 23c(3). This, too, is without merit, Sumrall v. United States, 5 Cir., 1968, 397 F.2d 924.

The rulings of the trial court on the admission of evidence, the availability of witnesses, and like matters, were clearly within the law and the exercise of sound judicial discretion.

The record reveals studied, deliberate, and long continued intent and action to evade lawful induction. The trial and convictions were entirely free of error.

The judgment of the District Court is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.