17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Jack VOGT, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Jack VOGT, Jr., Defendant-Appellant.
 Nos. 92-6549, 92-6550.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 11, 1994.
Decided Feb. 23, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge; Richard C. Erwin, Senior District Judge. (CR-86-199-1-G, CA-91-237-2)
 Thomas F. Loflin, III, Durham, NC, for appellant.
 Robert H. Edmunds, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Karen I. Robbins, Third Year Law Student, Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated cases, David Jack Vogt appeals the district court's dismissal of his 28 U.S.C. Sec. 2255 (1988) and a Fed.R.Crim.P. 35 motion for reduction of sentence. Vogt was convicted of a RICO violation under 18 U.S.C. Sec. 1962(a) (1988) and of conspiring to defraud the government in violation of 18 U.S.C.Sec. 371 (1988).* He was a United States customs officer who struck a deal with a smuggler, Keidaish. In return for substantial sums of money, Vogt gave Keidaish information useful to his smuggling operation.
 
 
 2
 In his petition, Vogt complained that he was denied a fair trial because the trial judge failed to recuse himself; his conviction was obtained in violation of his right against self-incrimination because the Government used information derived from a prior grant of state and federal immunity; his conviction was obtained by an unconstitutional failure of the prosecutor to disclose exculpatory impeachment evidence; trial counsel was ineffective in that he failed to object to prosecutorial misconduct and count three in the superseding indictment.
 
 
 3
 The magistrate judge recommended that the petition be dismissed. After de novo review, the district court adopted the magistrate judge's recommendation. We affirm.
 
 
 4
 Vogt first claimed that his right to a fair and impartial trial was violated because the trial judge failed to recuse himself. The claim is based on the fact that the trial judge was once the law partner of one of fifty-some witnesses at the trial. The former partner testified to the closing of several real estate transactions. The magistrate judge determined that Vogt's claim did not state a "fundamental defect which inherently results in a miscarriage of justice," United States v. Addonizio, 442 U.S. 178, 185 (1979). Nor did Vogt meet the constitutional test for the disqualification of a judge. The judge did not have a "direct, personal, substantial, [and] pecuniary" interest in the matter being litigated. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 824-26 (1985). We agree and find Vogt's argument meritless.
 
 
 5
 Vogt's claim that his right to be free from self-incrimination was violated because the Government used information derived from a prior grant of immunity had no merit. Vogt was deposed on February 14, 1979, by an internal affairs agent of the custom service. During the deposition, the agent extended "use and fruits" immunity. Vogt denied any illegal relationship or improper dealings. The magistrate judge found that nothing could have been used against him at trial because Vogt revealed nothing incriminating. He made no showing that this grant of immunity was breached. Nor was counsel ineffective in failing to raise this meritless claim.
 
 
 6
 Next Vogt complained that the prosecutor failed to disclose favorable evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). The favorable evidence was an alleged statement by Peter Burt, one of Keidaish's partners and a principle witness against Vogt. Burt apparently said during one interview in 1987 that he did not believe Keidaish paid Vogt anything. Evidence concerning the credibility of a witness is covered by the Brady rule. Jean v. Rice, 945 F.2d 82, 87 n. 9 (4th Cir.1991).
 
 
 7
 The magistrate judge asked Vogt to attach a copy of the alleged interview. Vogt never produced a copy and thus the claim remained unsubstantiated. As the magistrate judge noted, however, even if the statement existed, it could have been impeached easily by Burt's 1983 trial testimony to the contrary. Burt's undisclosed 1987 statement could not undermine confidence in the outcome of the trial.
 
 
 8
 Finally, Vogt asserted that trial counsel was ineffective in failing to object to prosecutorial misconduct and count three of the indictment. To show ineffective assistance of counsel, Vogt must show both that his attorney's performance fell below an objective standard of reasonableness and that but for counsel's errors, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 688, 694 (1984).
 
 
 9
 Vogt identified fourteen statements in the prosecutor's closing argument which he characterized as inaccurate. He also accused the prosecutor of a number of statements Vogt claimed injected the prosecutor's credibility into the case. Finally Vogt accused the prosecutor of discussing exhibits which were not entered into evidence. The prosecutor was not guilty of misconduct. See United States v. Young, 470 U.S. 1 (1985). Trial counsel's failure to object did not prejudice Vogt.
 
 
 10
 Similarly, Vogt's claim that counsel was ineffective in failing to object to count three of the indictment has no merit. We have previously held that the indictment was sufficient. United States v. Vogt, 910 F.2d 1184, 1201 (4th Cir.1990). Because Vogt had full notice of the charge against him, Hagner v. United States, 285 U.S. 427 (1932); Finn v. United States, 256 F.2d 304, 307 (4th Cir.1968), he was not prejudiced in his defense and cannot show that but for counsel's alleged error, the outcome of the trial would have been different.
 
 
 11
 Accordingly, we affirm the district court' dismissal of Vogt's Sec. 2255 petition and his motion for reduction of sentence. We also deny his motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court.
 
 AFFIRMED
 
 
 *
 This Court affirmed the convictions on both counts. United States v. Vogt, 910 F.2d 1184 (4th Cir.1990)