**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY 1998 SESSION**

FILED

**November 24, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
| --- | --- | --- |
| | ) | |
| Appellee, | ) | |
| | ) | **C.C.A. NO. 02C01-9710-CC-00379** |
| VS. | ) | |
| | ) | **HARDEMAN COUNTY** |
| TYRONE SAIN, | ) | |
| | ) | |
| Appellant. | ) | |

**D I S S E N T**

I respectfully dissent. The majority holds that an indictment that references a lesser culpable mental state than is required by statute must be attacked pretrial or any complaint concerning the defect is waived. The majority bases its holding on the conclusion that "[s]ince proof of ‹knowing' conduct does not <u>necessarily</u> <u>disprove</u> ‹intentional' conduct, the defect in the indictment is not of the character which would be classified as a defect that fails to charge an offense [e.s.]." The majority misapprehends the significance of the defects contained in the instant indictment.

Generally, challenges regarding a defective indictment are waived if not raised prior to trial. Tenn. R. Crim. P. 12(b)(2). However, jurisdictional defects or the failure to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings." <u>Id.</u> The statute proscribing the offense of evading arrest expressly provides the <u>mens rea</u> element of "intentional." T.C.A. § 39-16-603(a) (1991)(stating, "It is unlawful for any person to <u>intentionally</u> flee . . . .")(emphasis added). The indictment in this case charged the culpable mental state of "knowing," not

"intentional." Because "knowing" is not the equivalent of "intentional," see, e.g., State v. Crowe, 914 S.W.2d 933, 937 (Tenn. 1995), the indictment in this case omits an essential element of the offense of evading arrest. See State v. Brandon Wilson, No. 03C01-9609-CC-00352, Blount County (Tenn. Crim. App. filed September 1, 1998, at Knoxville)(finding that the culpable mental state of "knowing" expressly provided for in T.C.A. § 39-17-417(a) is an essential element of the crimes proscribed by that statute).

Where an indictment fails to charge an essential element of an offense, the error cannot be waived. Id. "In that circumstance, no offense has been charged. In consequence, subsequent proceedings are a nullity." State v. Perkinson, 867 S.W.2d 1, 6 (Tenn. Crim. App. 1992); see Tenn. R. Crim. Proc. 12(b) (the error of failing to charge an offense cannot be waived); State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996)(a conviction based upon an indictment that fails to charge an offense is a nullity). Accordingly, the defendant's failure to challenge the indictment in a pretrial motion does not preclude us from reviewing this issue on appeal. Tenn. R. Crim. Proc. 12(b); State v. Brandon Wilson, No. 03C01-9609-CC-00352.

On the merits, the defendant is entitled to relief because the indictment is fatally defective. In State v. Hill, 954 S.W.2d 725 (Tenn. 1997), the Tennessee Supreme Court addressed the validity of indictments that failed to allege the requisite mental state. The Supreme Court concluded that for offenses "which neither expressly require nor plainly dispense with the requirement for a culpable mental state," an indictment that fails to allege a mental state might nonetheless be sufficient, provided certain criteria are met. Id. at 726-27. But the Supreme Court also noted, "In modern practice, it is unnecessary to charge guilty knowledge unless it is included in the statutory definition of the offense." Id. at 729 (emphasis added). In other words, if a criminal statute specifically requires a

certain culpable mental state, that culpable mental state must be included in the language of the indictment. Applying this principle to the instant case, because the offense of evading arrest specifically requires proof of the culpable mental state of "intentionally," see T.C.A. § 39-16-603(a) (1991), the indictment in this case should have included the word "intentionally," or at least, words of similar import. See State v. Brandon Wilson, No. 03C01-9609-CC-00352; see also Finn v. United States, 256 F.2d 304, 306 (4th Cir. 1958)(stating, "Where willfulness or knowledge is made an element of the crime, the statutory requirement is not to be ignored. The charge must either include these terms, or words of similar import.").

The indictment in this case alleged the culpable mental state of "knowing," but this is not sufficient. "Intentional" conduct signifies a greater degree of culpability than "knowing" conduct. See, e.g., Crowe, 914 S.W.2d at 937. As the majority recognizes, proof of "knowing" culpability does not necessarily include proof of "intentional" culpability, even though "intentional" necessarily includes "knowing." Id. at 937 n.2. But the majority seems to make an exception to this rule, noting that because the proof at trial may have proven "intentional" culpability, it matters not that the indictment alleged only "knowing" culpability. In other words, the majority seems to say that it is unnecessary for the word "knowing" to include "intentional" culpability so long as there is the possibility that intentional conduct may have ultimately been proven at trial. This reasoning is fatally flawed, however, because the proof at trial has no bearing on whether the indictment is sufficient. If the indictment is insufficient---and here, the indictment is because it fails to allege the essential element of "intentional" culpability---any proceedings that follow are a nullity. Trusty, 919 S.W.2d at 310; Perkinson, 867 S.W.2d at 6. This means that whatever happened at trial in this case is irrelevant because the trial itself becomes a nullity if the indictment is found to be fatally insufficient. Thus, in this case, because it

cannot logically be inferred from the language of the indictment (which alleges the defendant acted "knowingly") that the defendant necessarily acted "intentionally" (which T.C.A. § 39-16-603(a) required the State to prove in this case), the indictment is fatally insufficient. See State v. Nathaniel White, No. 03C01-9408-CR-00277, Sullivan County (Tenn. Crim. App. filed June 7, 1995, at Knoxville)(holding invalid an indictment alleging "unlawful" behavior instead of the requisite mental element of "knowing" because "[o]ne cannot logically infer that an accused acting ⊲unlawfully' necessarily acts ⊲knowingly'")(emphasis added); State v. Brandon Wilson, No. 03C01-9609-CC-00352 (following White).

I also disagree with the majority's suggestion that the indictment's specific reference to the charged statute can constitute a sufficient allegation of the required culpable mental state. The majority relies upon Dykes v. Compton, _____ S.W.2d _____, No. 02S01-9711-CC-00105 (Tenn. September 21, 1998), but Dykes, like Hill, involved an offense for which the culpable mental state was not specified in the violated statute, which distinguishes it from the instant case. Where, as here, the charged statute specifies a particular mental state, merely referencing the statute in the indictment will not suffice in terms of alleging all essential elements, including scienter. State v. Marshall, 870 S.W.2d 532, 537 (Tenn. 1993); State v. Brandon Wilson, No. 03C01-9609-CC-00352. Thus, unlike the majority, I would not find support in Dykes under the facts of the instant case.

Even if, however, the majority is correct in holding that the defendant has waived his right to challenge the defective indictment in this case and thus, in implying that mental states may be freely substituted for one another, I would find the indictment in this case fatally defective on other grounds. The relevant count of the indictment

4

provides in pertinent part that "on or about the 14th day of December 1993 . . . [the defendant] did unlawfully and knowingly flee from Sheriff Delphus Hicks and Deputy Doug Brown . . . known to [the defendant] to be . . . law enforcement officers from [sic] effecting [his] arrest." The statute which the defendant was thereby accused of violating provides as follows: "It is unlawful for any person to intentionally flee from anyone the person knows to be a law enforcement officer and the person: (1) Knows the officer is attempting to arrest the person; or (2) Has been arrested." T.C.A. § 39-16-603(a) (1991). Thus, the crime of evading arrest consists of the following essential elements: (1) the defendant intentionally flees from persons he knows to be law enforcement officers; and (2) the defendant knows the officers are attempting to arrest him or they already have arrested him. Id. It is not a crime under this statute for defendants to intentionally flee police officers because, for instance, they do not want to be questioned, they simply dislike or fear officers, or they enjoy taunting them. The crime is committed when defendants flee in a deliberate attempt to escape arrest. Of course, such deliberate conduct requires that the defendants know an arrest is being attempted.

The indictment in the instant case makes absolutely no reference to the defendant's awareness that the officers were attempting to arrest him. Nor is it possible to logically infer the missing element from the words "from effecting [the defendant's] arrest." Cf. Hill, 954 S.W.2d at 727 (holding an indictment containing no reference to the mens rea element valid if it otherwise meets constitutional and statutory requirements and "the mental state can be logically inferred from the conduct alleged"). Nor is this element necessarily implied by the remaining allegations. Cf. Marshall, 870 S.W.2d at 538 (holding an indictment valid where a missing element of the offense is "necessarily implied" from the allegations made). Thus, while we do not doubt that the police officers were in fact attempting to arrest the defendant, there is no language in the indictment

5

which establishes that the <u>defendant</u> knew or was aware of the officers' intent. As set forth above, the defendant may have been knowingly running from persons he knew to be police officers <u>without</u> knowing that they were trying to arrest him. Given the plain language of the statute, this omission is fatal.

In sum, because the indictment charging evading arrest fails to allege the essential element that the defendant knew the officers were trying to arrest him, it cannot support his conviction. Moreover, contrary to the majority's position, I would conclude that the indictment's failure to allege the statutorily required <u>mens rea</u> of "intentionally" is a fatal defect that has not been waived. Accordingly, I would reverse the defendant's conviction for evading arrest and dismiss the charge.

_____

JOHN H. PEAY, Judge